UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
*In re*                                             :     **Chapter 11**
                                                    :
**THE McCLATCHY COMPANY,** *et al.,*                :     **Case No. 20-10418-MEW**
                                                    :
            **Debtors.**[1]                         :     **(Jointly Administered)**
                                                    :
-------------------------------------------------------- x

## <u>ORDER ESTABLISHING TERMS FOR PLAN MEDIATION</u>

Upon the request of the parties for an order pursuant to section 105(a) of the

Bankruptcy Code, Local Rule 9019-1 of the Local Rules, and the General Order M-452 to (a)

appoint a mediator (the "<u>Mediator</u>") in the Chapter 11 Cases[2] to oversee Chapter 11 plan

negotiations, including, *inter alia*, the valuation of the Debtors' enterprise and the allocation of

value among the Debtors' stakeholders and (b) schedule mandatory mediation of the same (the

"<u>Mediation</u>"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1134; and it appearing that venue of these Chapter 11 Cases is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b); and this Court having determined that the relief requested is in the best interests of the

Debtors, their estates, their creditors and other parties in interest and sufficient cause appearing

therefor; and after due deliberation thereon, **IT IS HEREBY ORDERED THAT**:

---

[1]    The last four digits of Debtor The McClatchy Company's tax identification number are 0478. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/McClatchy. The location of the Debtors' service address for purposes of these chapter 11 cases is: 2100 Q Street, Sacramento, California 95816.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration [ECF No. 23].

1.    The Debtors, with the consent and support of (i) the managed funds and accounts of Chatham Asset Management, LLC  (the "Chatham Parties"), (ii) the Pension Benefit Guaranty Corporation (the "PBGC" and, the PBGC, the Chatham Parties, and the Debtors, each a "Mediation Party" and, collectively, the "Mediation Parties"), agree that a Mediator shall be appointed to facilitate negotiations concerning the *Joint Chapter 11 Plan of Reorganization of The McClatchy Company and Its Affiliated Debtors and Debtors in Possession* (the "Chapter 11 Plan") filed by the Debtors in connection with commencement of these Chapter 11 Cases [ECF No. 25].

2.    An official committee of unsecured creditors (the "Committee") once appointed in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code, shall become a Mediation Party pursuant to this Order.

3.    At the Mediator's request, a professional advisor to the managed funds and accounts of Brigade Capital Management in their capacities as First Lien Notes Creditors (the "Brigade Parties") shall meet with the Mediator and/or attend the Mediation.

4.    The Mediation shall be to facilitate discussions between and among the Mediation Parties regarding the structure and material content of the Chapter 11 Plan, including, *inter alia*, the valuation of the Debtors' enterprise and the allocation of value among the Debtors' stakeholders, and matters related thereto, which shall comport with the requirements of the Bankruptcy Code;  the scope of the Mediation may be expanded to include other matters identified by the Mediator or the Mediation Parties.

5.    The Debtors and the other Mediation Parties shall participate in the Mediation in good faith.

6.     The Honorable Kevin Carey (ret.) is hereby appointed as the Mediator.  The Mediation Parties are hereby authorized to enter into a mediation engagement agreement with the Mediator. The Mediator shall be entitled to compensation for the Mediator's services on terms satisfactory to the Mediation Parties and the Mediator, and such costs shall be paid by the Debtors' estates, without further order of this Court.

7.     The Mediation Parties shall meet and confer within two (2) business days of entry of this Order to establish the timing of the Mediation sessions, with the initial session to be held as soon as practicable, but no earlier than March 4, 2020.  If the Mediation Parties are unable to agree on timing after meeting and conferring in good faith, the Mediator shall establish the timing of the Mediation sessions.

8.     The Mediator shall make himself/herself available to meet with each Mediation Party (and its counsel) and may direct each of the Mediation Parties to informally exchange information before the Mediation.

9.     Subject to paragraph 7, the Mediation shall be held based upon the availability of the Mediator and the Mediation Parties.  The Mediator and the Mediation Parties may also agree to schedule additional Mediation sessions by consent.

10.     Notwithstanding the Local Rules, the Mediator may conduct the Mediation as he/she sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate in order to conduct the Mediation, subject to the terms of this Order.

11.     If the Mediation Parties do not consent to continue the Mediation, the Court will consider the recommendations of the Mediator and the Mediation Parties in its determination of whether to continue the Mediation for additional sessions.

12.     A representative with settlement authority (the "Representative") for each of the Mediation Parties will be required to attend the Mediation sessions, and any additional Mediation sessions that may be scheduled pursuant to paragraphs 7 or 8 hereof, in person, and such Representative with settlement authority shall make him/herself available to do so.  The Mediator may excuse any of the Mediation Parties from being physically present while the Mediator is conferring with other Mediation Parties.  The Mediator may request the in-person attendance of certain of the Mediation Parties whose presence is deemed critical to the success of the Mediation, and such Mediation Party shall make good faith efforts to appear in person on such dates as requested.

13.     Without limiting the applicability of Local Bankruptcy Rule 9019-1, General Order M-452, or the Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, all:

> a.     statements by or discussions among the Mediation Parties or any of their advisors, including statements to or discussions with or in the presence of the Mediator, and any statements by the Mediator;
>
> b.     mediation statements;
>
> c.     any other documents or information provided by any Mediation Party to the Mediator or the other Mediation Parties or their advisors in the course of the Mediation; and
>
> d.     any materials, communications, draft resolutions, offers, and counteroffers produced for or shared with any Mediation Party during, or as a result of, the Mediation,

shall be strictly confidential and shall not be used or admissible for any purpose in any judicial or administrative proceeding, including, but not limited to, in any hearing, deposition, or trial, *provided, however,* that information or documents available from a source other than in connection with the Mediation, and not subject to a separate confidentiality agreement that

would prevent its disclosure, shall not be subject to the restrictions of this paragraph.  For the avoidance of doubt, any materials designated "Mediation Materials" either on such materials or in any accompanying transmission shall be subject to the terms of this Order.

14.     No person or Mediation Party participating in the Mediation, including counsel or other advisors for any Mediation Party, or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such statement, discussion, mediation statement, other document or information, communication, draft, resolution, offer, or counteroffer that may be made or provided in connection with the Mediation, unless available from a source other than in connection with the Mediation, and not subject to a separate confidentiality agreement that would prevent its disclosure.

15.     All oral and written materials, information, or communications concerning the subject of the Mediation generated in the context of the Mediation process shall be treated as confidential settlement discussions under Rule 408 of the Federal Rules of Evidence or any applicable federal or state statute, rule, or common law provisions, and shall not be disclosed to any third party.  Communications protected against disclosure shall include the circumstances of the termination of the Mediation, if applicable.

16.     To the extent that any Mediation Party or its advisors is in possession of information that is privileged, confidential, or subject to any other protection from disclosure (including but not limited to the attorney-client privilege and work product doctrine), such information may be disclosed to the Mediator and such disclosure shall not be deemed to be a waiver by the disclosing party of the applicable privilege, and such information shall remain privileged, confidential, and/or protected from disclosure, and the Mediator shall not disclose

such information to any other Mediation Party.  No information which is confidential, proprietary, privileged (whether attorney-client privileged, attorney work product or otherwise privileged) or in any other way recognized under applicable law as being protected from discovery or other disclosure shall lose its privileged and protected nature merely by being shared in the Mediation with the Mediator or any Mediation Party.  No Mediation Party nor the Mediator shall assert otherwise.

17.    This Order does not determine whether any Mediation Materials are subject to any privilege, and nothing in this Order shall preclude any Mediation Party from seeking discovery at any time pursuant to applicable law.  All rights are reserved with respect to seeking or opposing any such discovery.

18.    No written record or transcript of any discussion had in the course of the Mediation is to be kept, absent express written agreement by the Mediation Parties.

19.    If any Mediation Party is requested or required (by subpoena, legal process, or otherwise) to disclose any information that is protected from disclosure pursuant to this Order, that party shall promptly notify the other parties so that the parties may seek an appropriate protective order.  If any party objects to disclosure, the information shall not be disclosed except pursuant to a final court order requiring it.

20.    Nothing in this Order, including paragraphs 13 through 17, is intended to or shall modify any obligations or potential liabilities of any person under non-bankruptcy law, including the federal securities laws, with respect to the use of material non-public information in connection with securities trading.  In the event that, from and after the date of entry of this Order, any party shares material, non-public information of the Debtors within the meaning of Regulation FD under the Securities Exchange Act of 1934, as amended ("MNPI") with a

Mediation Party other than pursuant to an applicable Confidentiality Agreement, the Debtors shall within two (2) Business Days of the termination of the Mediation with respect to such Mediation Party, make such MNPI public. Absent such disclosure, each Mediation Party is authorized to disclose such MNPI. Without limiting any cleansing and self-cleansing provisions in a Confidentiality Agreement, Settlement Proposals shall not constitute MNPI.

21.     Within five (5) business days of the conclusion of the Mediation, the Mediator shall issue and file on the docket a brief report stating that the Mediation has terminated and the outcome of the Mediation.

22.     The sanctions available under Fed. R. Civ. P. 16(f) shall apply to any violation of this Order and/or the provisions of Local Rule 9019-1.

23.     For the avoidance of doubt, to the extent any part of this Order shall conflict with Local Rule 9019-1 or General Order M-452 the terms and provisions of this Order shall govern.

24.     The Mediation Parties agree, for avoidance of doubt, that in addition to any other individuals or entities covered by this Order, all individuals participating in the Mediation as representatives of the Mediation Parties are bound by the terms of this Order and shall have the same obligations as the Mediation Parties under this Order.

25.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

26.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

27.     This Court shall retain jurisdiction with respect to all matters arising from or

related to the enforcement of this Order.

Dated:      New York, New York
            February 25, 2020


                            **s/Michael E. Wiles**_____
                            THE HONORABLE MICHAEL E. WILES
                            UNITED STATES BANKRUPTCY JUDGE