```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                       :
                                                             :    Chapter 11
                                                             :
THE McCLATCHY COMPANY, et al.,                               :    Case No. 20-10418 (MEW)
                                                             :
          Debtors.[1]                                        :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (I) CLARIFYING DISCLOSURE OBLIGATIONS, (II) APPROVING PROTOCOL FOR PROVIDING ACCESS TO INFORMATION TO UNSECURED CREDITORS AND (III) RETAINING KURTZMAN CARSON CONSULTANTS LLC AS INFORMATION AGENT *NUNC PRO TUNC* TO APRIL 6, 2020**

Upon the *Motion of The Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying its Disclosure Obligations, (II) Approving Protocol for Providing Access to Information to Unsecured Creditors, and (III) Retaining Kurtzman Carson Consultants LLC as Information Agent, Nunc Pro Tunc to April 6, 2020* (the "Motion")[2]; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court

---

[1] The last four digits of Debtor The McClatchy Company's tax identification number are 0478. Due to the large number of debtor entities in these Chapter 11 Cases, which are being jointly administered, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/McClatchy. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 2100 Q Street, Sacramento, California 95816.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Relief requested in the Motion is granted as set forth herein.

2. Subject to paragraphs 4 through 10 hereof, in full satisfaction of the Committee's obligations to provide access to information for the Debtors' unsecured creditors in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee shall establish the following protocol (the "Creditor Information Protocol"):

   A. The Committee will establish and, until the earliest to occur of dissolution of the Committee, dismissal or conversion of these Chapter 11 Cases, and a further order of the Court, maintain a website (the "Committee Website") that will provide, without limitation:

      i. general information concerning the Debtors and significant parties in interest in these cases, the case docket, and access to filings;

      ii. contact information for the Debtors, the Debtors' counsel, the Committee's counsel, and any information hotlines that may be established;

      iii. the date, if set by the Court, by which unsecured creditors must file proofs of claim;

      iv. the voting deadline with respect to any chapter 11 plan filed in these cases;

      v. a calendar of upcoming significant events in these cases;

      vi. access to the claims docket established by the Debtors' claims and noticing agent;

      vii. the Debtors' monthly operating reports;

      viii. press releases (if any) issued by the Committee or the Debtors;

      ix. a forum to submit questions, comments and requests for access to additional information;

    x. responses to questions, comments and requests for access to information (to the extent provided by the Committee, in the exercise of its reasonable discretion); and

    xi. links to other relevant websites (e.g., the Debtors' corporate website and the website of the U.S. Trustee's Office).

 B. <u>E-Mail Address</u>. The Committee will also establish and maintain an electronic mail address for creditors to submit questions and comments.

 C. <u>Privileged and Confidential Information</u>. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "<u>Entity</u>") without further order of the Court, Confidential Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

 D. <u>Information Obtained Through Discovery</u>. Any information received (formally or informally) by the Committee Parties from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

 E. <u>Creditor Information Requests</u>. If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information

Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and a hearing on such motion shall be noticed and scheduled.

F. <u>Release of Confidential Information of Third Parties</u>. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before ten (10) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before ten (10) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors, may schedule a hearing with the Court seeking a ruling with respect to the Demand. To the extent, however, the Committee has agreed to receive certain information pursuant to a written confidentiality agreement, and the terms of such confidentiality agreement are more restrictive than this paragraph, the terms of the confidentiality agreement shall govern.

3. The Committee Parties shall be deemed to be in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by implementing the Creditor Information Protocol.

4. The Committee Parties shall not be required to disseminate to any creditor or any creditor's representative: (a) without further order of the Court, any Confidential Information; or (b) any other information if the effect of such disclosure would constitute a general

-4-

or subject matter waiver of the attorney-client, work-product, or other applicable privilege possessed by the Committee.

5. Any documents, information or other materials designated by the Debtors as confidential shall be treated as "Confidential Information" for purposes of this Order; provided, however, that nothing in this Order affects or shall be deemed to affect the Committee's ability to dispute any designation of information as "Confidential Information."

6. The Committee's counsel is hereby authorized, in its reasonable discretion, to communicate with the Debtors' general unsecured creditors and/or respond to their information requests, submitted by email or otherwise, on behalf of the Committee. Notwithstanding any possible construction of section 1102(b)(3) of the Bankruptcy Code to the contrary, the Committee, its individual members, and its counsel and other advisors shall not be required or obligated to disseminate any Confidential Information.

7. The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as along as the Committee and its professionals have acted in compliance with the procedures set forth herein and any confidentiality agreement; provided, however, that the foregoing shall not preclude the right of any creditor to move the Court for an order requiring production of other or additional information, to the extent available.

8. Nothing in this Order requires the Committee to provide access to information or solicit comments from any entity or person that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

9.     For the avoidance of doubt, nothing in this Order shall affect the obligations of the Committee Parties under any agreements with the Debtors or other parties addressing the confidentiality or handling of any information, including the confidentiality section of the Committee's bylaws, whether such agreements are entered into before or after the entry of this Order.

10.    The Committee is authorized to employ and retain Kurtzman Carson Consultants LLC ("KCC") as its Information Agent, subject to the terms of the Services Agreement and the terms and conditions set forth herein, effective as of April 6, 2020.

11.    KCC is authorized to establish and maintain the Committee Website and provide technology and communications-related services.

12.    KCC is authorized to prepare and serve required notices and pleadings on behalf of the Committee in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Committee and/or the Court, including, if applicable, all notices, orders, pleadings, publications and other documents as the Committee and/or the Court may deem necessary or appropriate.

13.    The Debtors are authorized and directed to compensate KCC on a monthly basis in accordance with the terms and conditions of the Services Agreement and as set forth herein. Upon KCC's submission to the Debtors, the Committee and the Office of the U.S. Trustee (the "Notice Parties") of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith, the Notice Parties a shall have ten (10) days to provide KCC and the other Notice Parties written notice of any objection to KCC's monthly invoices. If an objection is raised to an invoice, the Debtors will remit KCC only the undisputed portion of the invoice and, if applicable, will pay the remainder to KCC upon resolution of the

dispute. All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court. The fees and expenses KCC incurs in the performance of its services shall be treated as an administrative expense of the Debtors' Chapter 11 Cases; provided, however, that to the extent that any of KCC's fees and expenses are disallowed by this Court, KCC shall not be entitled to an administrative expense for such disallowed fees and expenses.

14. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15. Any inconsistency between the Motion, the Services Agreement and the Order shall be controlled by the Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Order.

Date: May 19, 2020

                                          **s/Michael E. Wiles**
                                          Honorable Michael E. Wiles
                                          UNITED STATES BANKRUPTCY JUDGE