**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re:                                          :
                                                :    Chapter 11
                                                :
THE MCCLATCHY COMPANY, et al.,                  :    Case No. 20-10418 (MEW)
                                                :
                    Debtors.¹                   :    (Jointly Administered)
                                                :
------------------------------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**
**SOLELY TO THE EXTENT NECESSARY TO PERMIT THE NORTH**
**CAROLINA SUPREME COURT TO ISSUE AN APPEAL OPINION**

Upon the motion, dated May 12, 2020 [Docket No. 438-1] (the "Motion"), of Beth Desmond ("Desmond") for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay imposed by the above-captioned cases (these "Chapter 11 Cases") so that (i) Desmond may continue defending against the appeal currently pending in the Supreme Court of North Carolina (the "NC Supreme Court") under case number 132P18-2 (the "Appeal") of a judgment (the "Judgment") she obtained against Debtor The News and Observer Publishing Company ("The N&O") and non-Debtor co-Defendant, Mandy Locke ("Locke"), and, if Desmond is successful in her defense against the Appeal, to execute upon a supersedeas bond posted by The N&O (the "Bond"), and to attempt recovery against any available insurance proceeds (the "Insurance") and against Locke, individually, for the amount of the Judgment that exceeds the Bond amount; and (ii) the NC Supreme Court may issue a decision resolving the Appeal (the "Appeal Opinion"); and upon the "certificate of no

---

[1] The last four digits of Debtor The McClatchy Company's tax identification number are 0478. A complete list of the debtor entities and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/McClatchy. The location of the Debtors' service address for purposes of these chapter 11 cases is: 2100 Q Street, Sacramento, California 95816.

objection" [Docket No. 542] in which the Debtors represent that a consensual resolution to the Motion has been reached; and due and proper notice of the Motion and the hearing with respect thereto having been made on all necessary parties; and in the absence of any written objections thereto; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

ORDERED that the Motion is granted solely to the extent set forth below; and it is further

ORDERED that the automatic stay imposed by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code solely to the extent necessary for the NC Supreme Court to issue the Appeal Opinion; and it is further

ORDERED that all parties' rights are reserved to seek further relief from this Court regarding the impact of the automatic stay on any further action after the NC Supreme Court issues the Appeal Opinion; and it is further

ORDERED that following the issuance of the Appeal Opinion, Desmond and the Debtors may seek further consensual relief from the automatic stay by filing on the docket of these Chapter 11 Cases (A) a stipulation and proposed order (the "Stipulation and Proposed Order"), by and between the Debtors and Desmond, providing for the lifting of the automatic stay to the extent necessary to permit Desmond to recover against the Bond and/or Insurance and (B) a certification of counsel to the Debtors that each of (i) the Office of the United States Trustee for Region 2, (ii) counsel to the Official Committee of Unsecured Creditors, (iii) counsel to the DIP Administrative Agent, (iv) counsel to the Chatham Creditors, and (v) counsel to Brigade have been provided with a copy of the Stipulation and Proposed Order and have no objections thereto; and it is further

2

ORDERED that notwithstanding Fed. R. Bankr. P. 4001(a)(3), this Order is effective immediately; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: June 30, 2020
       New York, New York

                          **s/Michael E. Wiles**
                          HONORABLE MICHAEL E. WILES
                          UNITED STATES BANKRUPTCY JUDGE