| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | TOGUT, SEGAL & SEGAL LLP |
| Shana A. Elberg | Albert Togut |
| Bram A. Strochlic | Kyle J. Ortiz |
| One Manhattan West | Amy Oden |
| New York, New York 10001 | One Penn Plaza, Suite 3335 |
| Telephone: (212) 735-3000 | New York, New York 10119 |
| Fax: (212) 735-2000 | Telephone: (212) 594-5000 |
| | Fax: (212) 967-4258 |

– and –

Van C. Durrer, II
Destiny N. Almogue (admitted *pro hac vice*)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Fax: (213) 687-5600

– and –

Jennifer Madden (admitted *pro hac vice*)
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Fax: (650) 470-4570

*Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
*In re*                                                 :   Chapter 11
                                                        :
**THE McCLATCHY COMPANY,** *et al.*,                    :   Case No. 20-10418 (MEW)
                                                        :
Debtors.[1]                                             :   (Jointly Administered)
                                                        :
------------------------------------------------------- x

---

[1] The last four digits of Debtor The McClatchy Company's tax identification number are 0478. Due to the large number of debtor entities in these jointly administered chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/McClatchy. The location of the Debtors' service address for purposes of these chapter 11 cases is: 2100 Q Street, Sacramento, California 95816.

## NOTICE OF SUCCESSFUL BID ASSET PURCHASE AGREEMENT

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

**I.    NOTICE OF SUCCESSFUL BIDDER**

1. Pursuant to the *Order (I) Establishing Bidding Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Establishing Procedures for the Debtors to Enter into Stalking Horse Agreement with Bid Protections in Connection with a Sale of Substantially All of the Debtors' Assets; (III) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (IV) Approving Form and Manner of Notice of All Procedures, Protections, Schedules and Agreements; (V) Scheduling a Hearing to Consider the Proposed Sale and (VI) Granting Certain Related Relief* [ECF No. 432] (the "**Bidding Procedures Order**") entered by the Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on May 11, 2020, the above-captioned debtors and debtors-in-possession (the "**Debtors**") held an auction by video and telephonic conference (the "**Auction**") on July 10, 2020.

2. As set forth in that *Notice of Successful Bidder* [Docket No. 674], the Debtors identified the Qualified Bid[2] of Chatham Asset Management, LLC ("**Chatham**" or the "**Successful Bidder**") as determined at the Auction (the "**Successful Bid**") for the assets is the highest or otherwise best Qualified Bid for the assets, and have therefore designated Chatham as the Successful Bidder.

3. A summary of the terms of the Asset Purchase Agreement (the "**APA**") among The McClatchy Company, the subsidiary sellers parties thereto, SIJ Holdings, LLC, Chatham, and Chatham Asset High Yield Master Fund, Ltd. (the "**Successful Bid**")[3] is attached hereto as **Exhibit A**. A true and correct copy of the APA is attached as **Exhibit B** hereto.

4. To allow parties time to review the terms of the Successful Bid, the Sale Hearing will be held on **August 4, 2020 at 11:00 a.m. (prevailing Eastern Time)** before the honorable Michael E. Wiles, United States Bankruptcy Judge, in the Bankruptcy Court. At the Sale Hearing the Debtors will seek entry of an order (the "**Sale Order**") approving the sale of the Acquired Assets to the Successful Bidder, a proposed copy of which is attached as **Exhibit C** hereto.

5. Pursuant to Bankruptcy Code section 365, there is adequate assurance of the Successful Bidder's future performance under the executory contracts or unexpired leases to be assumed and assigned because of the demonstrated financial wherewithal of the Successful Bidder. Moreover, if necessary, the Debtors will adduce facts at the Sale Hearing on any

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

[3] In addition to the Purchase Price (as defined in the Asset Purchase Agreement), the Successful Bid also includes additional non-monetary consideration, the terms of which are set forth in the supporting declarations.

objection further demonstrating the financial wherewithal of the Successful Bidder, and its willingness and ability to perform under the leases and contracts to be assumed and assigned.

6. Objections, if any, to the approval of the Successful Bid must be made by **July 29, 2020, at 4:00 p.m., prevailing Eastern Time** (the "**Objection Deadline**"). All objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Objection Deadline and served on (i) counsel to the Debtors, (ii) counsel to the Consultation Parties, (iii) counsel to the Successful Bidder and (iv) any other entity on the Master Service List (as defined in the case management order in these Chapter 11 Cases [ECF No. 106]). UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED WITHOUT FURTHER HEARING AND NOTICE.

## II.    AUCTION PROCESS

7. The Bidding Procedures Order set May 12, 2020 as the deadline for non-binding initial indications of interest ("**Initial Bids**"). The Debtors received indications of interest from four parties to acquire substantially all of the Company's assets. These parties were granted access to a virtual data room containing extensive information about the Company, as well as access to the senior management team and advisors to discuss diligence questions. The management team and the advisors spent considerable time in numerous meetings with each of the four whole-company bidders between the Initial Bid Deadline and the Final Bid Deadline.

8. Pursuant to the Bidding Procedures, Qualified Bids were required to address the Company's wind-down requirements. To facilitate satisfaction of this criteria, the Debtors developed a wind-down budget in consultation with the Committee that set forth the minimum amount of cash necessary to (a) satisfy all administrative and priority claims and (b) fund a wind-down budget. The budget provided to prospective bidders did not contemplate a budget for the Committee or any other party acting on behalf of the estate to pursue the claims alleged in the *Motion of Official Committee of Unsecured Creditors for (I) Leave, Standing and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of Debtors' Estates and (II) Exclusive Settlement Authority* [Docket No. 546] (the "**Standing Motion**"). Throughout the diligence process, the Debtors' met with Qualified Bidders to discuss and negotiate the wind-down requirements, including satisfaction of the administrative and priority claims. In addition, Evercore, the Debtors' investment banker, met weekly or more often, as needed, with the Committee's investment banker, Moelis, throughout the sale process to keep the Committee apprised and regarding the conduct of the sale process.

9. Pursuant to the court-approved Bidding Procedures, July 1, 2020 was set as the deadline for parties to submit final written irrevocable offers. Ultimately, only three parties submitted bids on July 1, 2020 and, in consultation with the Consultation Parties, the Debtors determined only two of the final bids constituted Qualified Bids: (1) a Qualified Bid from Chatham (the "**Chatham Bid**") and (2) a Qualified Bid from Alden Global Capital, LLC ("**Alden**," and the bid, the "**Alden Bid**").

10. In advance of the Auction, over the course of the next week, the Debtors and their advisors continued to engage with Chatham and Alden and their respective advisors to improve upon the final bids prior to selecting the Starting Bid and to provide parties with insight into how the Debtors were valuing the bids. For the reasons set forth in the supporting declarations, the Debtors ultimately selected the Chatham Bid as the Starting Bid.

11. The Debtors held the Auction on July 10, 2020. Although representatives of both Chatham and Alden were present at the Auction, Alden declined to submit any Overbid. Accordingly, with the assistance of their advisors, the Debtors, after consulting with the Consultation Parties, concluded that the Chatham Bid was the highest or otherwise best offer. Subsequently, the Debtors' Board of Directors approved the selection of the Chatham Bid as the Successful Bidder and the Alden Bid as the Back-up Bid.

### III. BASED ON AUCTION RESULTS, THE PENDING STANDING MOTION SHOULD BE DENIED

12. On July 6, 2020, when the Court issued its preliminary ruling on the Standing Motion, the Court noted that "we are in the middle of a sale process, and until we have further clarity as to where that process is going, we just do not know what values we are fighting over[.]" Jul. 6 Hr'g. Tr. 59:5-8. Accordingly, the Court determined that it would defer ruling pending the outcome of the sale process. *Id.* 59:21-23. No parties present at the issuing of the preliminary ruling objected to the Court's deferral of its final ruling on the Standing Motion.

13. The Debtors have now concluded the Auction, selected the Successful Bidder, and are seeking approval of the maximum consideration Qualified Bidders were willing to provide, which includes no consideration of or for the disputed Second Lien Term Loans or Third Lien Notes. Pursuant to the requirements of the Bidding Procedures, the Debtors and their advisors negotiated with the potential bidders to address the need of the Debtors to wind-down and close the Chapter 11 Cases. *See* Bidding Procedures, p. 9.

14. The Successful Bid does include cash consideration of $49,153,000. Based on the Debtors' analysis of administrative and priority claims, and as set forth in the supporting declarations, the Debtors anticipate that $49,153,000 is sufficient to pay all administrative and priority claims and to fund a wind-down budget of approximately $2,000,000, which will allow the Debtors to efficiently wind-down operations and confirm a plan of liquidation. The $2,000,000 available after the payment of other administrative and priority claims does not provide sufficient liquidity to both wind down operations and to fund the litigation of all claims alleged in the Committee's Standing Motion.

15. Moreover, Chatham's bid excludes from the purchased assets any claims against directors and officers that are not Transferred Employees (as defined in the APA), and accordingly these claims remain estate assets. The Debtors' exclusive period to propose a plan expires on August 31, 2020. The Debtors anticipate filing a plan of liquidation in advance of the Sale Hearing setting forth the Debtors' proposed wind-down. As a result of the limited funds available to effectuate a wind-down, the Debtors would anticipate a settlement of any such claims in their proposed plan, or some other post-confirmation resolution.

16. In determining whether to permit standing, courts conduct a cost-benefit analysis weighing (a) the probability of success and financial recovery against (b) the anticipated costs of litigation. *In re Sabine Oil & Gas Corp.,* 547 B.R. 503, 517 (Bankr. S.D.N.Y. 2016), aff'd, 562 B.R. 211 (S.D.N.Y. 2016); *see also In re G-1 Holdings, Inc.*, 313 B.R. 612, 629 (Bankr. D.N.J. 2004); *Smart World Techs., LLC v. Juno Online Servs., Inc.* (*In re Smart World Techs., LLC*), 423 F.3d 166, 177 (2d Cir. 2005). Based on the Debtors' analysis, the costs of prosecuting the Committee's alleged claims significantly outweigh any benefits, as prosecution of any of these claims would significantly impair the Debtors' ability to satisfy administrative and priority claims and wind down. Accordingly, the pending Standing Motion should be denied for at least two reasons. First, the Standing Motion is inconsistent with the proposed APA with respect to claims that are proposed to be released for valuable consideration (i.e., approximately $49 million of cash consideration, among other benefits of the APA). Second, with respect to the remaining causes of action, those claims are properly addressed in the context of a plan of liquidation especially where, as here, there are insufficient funds for purposes of both pursuit of such litigation and exit from chapter 11. The goal of exiting chapter 11 must be the preferred goal under the circumstances. The requirements of confirmation of a chapter 11 plan are more than sufficient protection for the interests of unsecured creditors in this regard.

***[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]***

Dated: New York, New York
July 24, 2020

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Shana A. Elberg
Bram A. Strochlic
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Van C. Durrer, II
Destiny N. Almogue (admitted *pro hac vice*)
300 S. Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Fax: (213) 687-5600

– and –

Jennifer Madden (admitted *pro hac vice*)
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Fax: (650) 470-4570

– and –

TOGUT, SEGAL & SEGAL LLP
Albert Togut
Kyle J. Ortiz
Amy Oden
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Fax: (212) 967-4258

*Counsel to Debtors and Debtors in Possession*