## **Exhibit B**

Proof of Claim No. 2689

**Fill in this information to identify the case:**

Debtor: The McClatchy Company

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number: 20-10418

---

Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Pension Benefit Guaranty Corporation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Pension Benefit Guaranty Corporation
Emily E. Manbeck
1200 K Street, N.W.
Washington, DC 20005, United States

Contact phone: 2022296607
Contact email: manbeck.emily@pbgc.gov

Where should payments to the creditor be sent? (if different)

Contact phone: _____
Contact email: _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☐ No
☒ Yes.    Claim number on court claims registry (if known) 1772    Filed on 07/08/2020
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410    **Proof of Claim**

2010418201208000000000001

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 101,729,550.00 . **Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Please see attached Statement in Support.

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

Official Form 410 — **Proof of Claim**

2010418201208000000000001

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | | |
|---|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check all that apply: | | **Amount entitled to priority** |
| | | ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ | Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ | Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

| 13. | **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No |
|---|---|---|
| | | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. |
| | | $_____ |

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/08/2020
                    MM / DD / YYYY

            /s/Erika E. Barnes
            Signature

**Print the name of the person who is completing and signing this claim:**

Name        Erika E. Barnes
            First name        Middle name        Last name

Title       Assistant General Counsel

Company     Pension Benefit Guaranty Corporation
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone _____                    Email _____

---

Official Form 410                    **Proof of Claim**

2010418201208000000000001

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (866) 810-6898 | International (424) 236-7215

| | |
|---|---|
| **Debtor:**<br>20-10418 - The McClatchy Company<br>**District:**<br>Southern District of New York, New York Division | |
| **Creditor:**<br>Pension Benefit Guaranty Corporation<br>Emily E. Manbeck<br>1200 K Street, N.W.<br><br>Washington, DC, 20005<br>United States<br>**Phone:**<br>2022296607<br>**Phone 2:**<br><br>**Fax:**<br>2023264318<br>**Email:**<br>manbeck.emily@pbgc.gov | **Has Supporting Documentation:**<br>Yes, supporting documentation successfully uploaded<br>**Related Document Statement:**<br><br>**Has Related Claim:**<br>No<br>**Related Claim Filed By:**<br><br>**Filing Party:**<br>Authorized agent |
| **Other Names Used with Debtor:** | **Amends Claim:**<br>Yes - 1772, 07/08/2020<br>**Acquired Claim:**<br>No |
| **Basis of Claim:**<br>Please see attached Statement in Support. | **Last 4 Digits:**     **Uniform Claim Identifier:**<br>No |
| **Total Amount of Claim:**<br>101,729,550.00 | **Includes Interest or Charges:**<br>No |
| **Has Priority Claim:**<br>No | **Priority Under:** |
| **Has Secured Claim:**<br>No | **Nature of Secured Amount:**<br>**Value of Property:** |
| **Amount of 503(b)(9):**<br>No | **Annual Interest Rate:** |
| **Based on Lease:**<br>No | **Arrearage Amount:**<br>**Basis for Perfection:** |
| **Subject to Right of Setoff:**<br>No | **Amount Unsecured:** |
| **Submitted By:**<br>Erika E. Barnes on 08-Dec-2020 3:04:09 p.m. Eastern Time<br>**Title:**<br>Assistant General Counsel<br>**Company:**<br>Pension Benefit Guaranty Corporation | |

VN: 447DEC62150818DCB8E69A3609B23A2A

| United States Bankruptcy Court for the Southern District of New York |
|---|
| Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form**.) |

| | | |
|---|---|---|
| ☒ The McClatchy Company (Case No. 20-10418) | ☐ Macon Telegraph Publishing Company (Case No. 20-10436) | ☐ Oak Street Redevelopment Corporation (Case No. 20-10888) |
| ☐ Aboard Publishing, Inc. (Case No. 20-10419) | ☐ Mail Advertising Corporation (Case No. 20-10437) | ☐ Olympian Publishing, LLC (Case No. 20-10455) |
| ☐ Bellingham Herald Publishing, LLC (Case No. 20-10420) | ☐ McClatchy Big Valley, Inc. (Case No. 20-10438) | ☐ Olympic-Cascade Publishing, Inc. (Case No. 20-10456) |
| ☐ Belton Publishing Company, Inc. (Case No. 20-10421) | ☐ McClatchy Interactive LLC (Case No. 20-10439) | ☐ Pacific Northwest Publishing Company, Inc. (Case No. 20-10457) |
| ☐ Biscayne Bay Publishing, Inc. (Case No. 20-10422) | ☐ McClatchy Interactive West (Case No. 20-10440) | ☐ Quad County Publishing, Inc. (Case No. 20-10458) |
| ☐ Cass County Publishing Company (Case No. 20-10423) | ☐ McClatchy International Inc. (Case No. 20-10441) | ☐ San Luis Obispo Tribune, LLC (Case No. 20-10459) |
| ☐ Columbus-Ledger Enquirer, Inc. (Case No. 20-10424) | ☐ McClatchy Investment Company (Case No. 20-10442) | ☐ Star-Telegram, Inc. (Case No. 20-10460) |
| ☐ Cypress Media, Inc. (Case No. 20-10417) | ☐ McClatchy Management Services, Inc. (Case No. 20-10443) | ☐ Tacoma News, Inc. (Case No. 20-10461) |
| ☐ Cypress Media, LLC (Case No. 20-10425) | ☐ McClatchy News Services, Inc. (Case No. 20-10445) | ☐ The Bradenton Herald, Inc. (Case No. 20-10462) |
| ☐ East Coast Newspapers, Inc. (Case No. 20-10426) | ☐ McClatchy Newspapers, Inc. (Case No. 20-10444) | ☐ The Charlotte Observer Publishing Company (Case No. 20-10463) |
| ☐ El Dorado Newspapers (Case No. 20-10427) | ☐ McClatchy Property, Inc. (Case No. 20-10446) | ☐ The News & Observer Publishing Co. (Case No. 20-10464) |
| ☐ Gulf Publishing Company, Inc. (Case No. 20-10428) | ☐ McClatchy Resources, Inc. (Case No. 20-10447) | ☐ The State Media Company (Case No. 20-10465) |
| ☐ Herald Custom Publishing of Mexico, S. de R.L. de C.V. (Case No. 20-10429) | ☐ McClatchy Shared Services, Inc. (Case No. 20-10448) | ☐ The Sun Publishing Company, Inc. (Case No. 20-10466) |
| ☐ HLB Newspapers, Inc. (Case No. 20-10430) | ☐ McClatchy U.S.A., Inc. (Case No. 20-10449) | ☐ Tribune Newsprint Company (Case No. 20-10467) |
| ☐ Idaho Statesman Publishing, LLC (Case No. 20-10431) | ☐ Miami Herald Media Company (Case No. 20-10450) | ☐ Tru Measure, LLC (Case No. 20-10468) |
| ☐ Keltatim Publishing Company, Inc. (Case No. 20-10432) | ☐ N & O Holdings, Inc. (Case No. 20-10451) | ☐ Wichita Eagle and Beacon Publishing Company, Inc. (Case No. 20-10469) |
| ☐ Keynoter Publishing Company, Inc. (Case No. 20-10433) | ☐ Newsprint Ventures, Inc. (Case No. 20-10452) | ☐ Wingate Paper Company (Case No. 20-10470) |
| ☐ Lee's Summit Journal, Incorporated (Case No. 20-10434) | ☐ Nittany Printing and Publishing Company (Case No. 20-10453) | |
| ☐ Lexington H-L Services, Inc. (Case No. 20-10435) | ☐ Nor-Tex Publishing, Inc. (Case No. 20-10454) | |

Official Form 410
# Proof of Claim
04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

## Part 1:  Identify the Claim

**1. Who is the current creditor?**
Pension Benefit Guaranty Corporation
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Emily E. Manbeck
Name
1200 K Street, N.W.
Number    Street
Washington                   DC           20005
City                         State        ZIP Code
U.S.A.
Country
Contact phone (202) 229-6607
Contact email manbeck.emily@pbgc.gov

Where should payments to the creditor be sent? (if different)
Name
Number    Street
City        State        ZIP Code
Country
Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**
☐ No
☒ Yes.  Claim number on court claims registry (if known) 1772      Filed on 07/08/2020
                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                          **Proof of Claim**
                                              page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. | **How much is the claim?** | $ 101,729,550.00 . **Does this amount include interest or other charges?**<br>☒ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Please see attached Statement in Support. |
| 9. | **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| 10. | **Is this claim based on a lease?** | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. | **Is this claim subject to a right of setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                                **Proof of Claim**                                page 2

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | | |
|---|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ **Yes.** *Check all that apply:* | | **Amount entitled to priority** |
| | | ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ | Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ | Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

| 13. | **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No |
|---|---|---|
| | | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. |
| | | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   12/08/2020
                   MM / DD / YYYY

/s/ Erika E. Barnes
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Erika | E. | Barnes |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Assistant General Counsel |
|---|---|

| Company | Pension Benefit Guaranty Corporation |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 1200 K Street, N.W. | | | |
|---|---|---|---|---|
| | Number    Street | | | |
| | Washington | DC | 20005 | U.S.A. |
| | City | State | ZIP Code | Country |

| Contact phone | (202) 229-3460 | Email | barnes.erika@pbgc.gov |
|---|---|---|---|

Official Form 410            **Proof of Claim**            page 3

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JCK Legacy Company, et al. | ) | Case No. 20-10418 |
| | ) | |
| Debtors. | ) | |

**STATEMENT OF THE PENSION BENEFIT GUARANTY CORPORATION
IN SUPPORT OF ITS AMENDED CLAIM FOR PENSION INSURANCE PREMIUMS**

The Pension Benefit Guaranty Corporation ("PBGC") hereby submits this Statement in Support of its amended claim against The McClatchy Company[1] ("Debtor") and each of the other Debtors for pension insurance premiums with respect to The McClatchy Company Retirement Plan (the "Pension Plan"), stating:

1.  PBGC is a wholly-owned United States government corporation, and an agency of the United States, that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 (2018) ("ERISA"). PBGC guarantees the payment of certain pension benefits upon the termination of a single-employer pension plan covered by Title IV of ERISA. When an underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds. *See* 29 U.S.C. §§ 1321-1322, 1342, 1361.

2.  The Pension Plan is a single-employer defined benefit pension plan covered by Title IV of ERISA. *See* 29 U.S.C. § 1321.

3.  On February 13, 2020, the Debtors filed a petition for relief under Chapter 11 of the

---

[1] JCK Legacy Company f/k/a The McClatchy Company. On September 11, 2020, the Court entered an order at Docket 837 authorizing the change of case caption in accordance with the change in corporate name from The McClatchy Company to JCK Legacy Company.

1

Bankruptcy Code. By Order of this Court, the Debtors' cases are consolidated for procedural purposes only, and are being jointly administered under case 20-10418.

4. On July 8, 2020, PBGC filed a proof of its claim against each of the Debtors for PBGC insurance premiums with respect to the Pension Plan, in the estimated amount of $90,210,000. PBGC understands this claim was registered as Claim Number 1772. PBGC has revised the amount of the claim based on the date PBGC became the statutory trustee of the Pension Plan.

5. On September 4, 2020, PBGC became the statutory trustee of the Pension Plan, through an Agreement for Appointment of Trustee and Termination of Plan between the Debtor and PBGC. The date of termination for the Pension Plan is August 31, 2020.

6. On August 31, 2020, each of the Debtors was a contributing sponsor of the Pension Plan, 29 U.S.C. § 1301(a)(13), or a member of a contributing sponsor's controlled group, 29 U.S.C. § 1301(a)(14).

7. The contributing sponsor of the Pension Plan or the Pension Plan's Plan Administrator is the designated payor of PBGC insurance premiums. 29 U.S.C. § 1307(a), (e).

8. Each member of the contributing sponsor's controlled group is jointly and severally liable to PBGC for insurance premiums, interest, and penalties (collectively, "Premiums") with respect to the Pension Plan. 29 U.S.C. § 1307(e)(2). These Premiums include:

(a) Flat-Rate and Variable-Rate Premiums, *see* 29 U.S.C. § 1306(a)(3), 29 C.F.R. § 4006.3, and

(b) If the Pension Plan terminates in a distress termination pursuant to 29 U.S.C. §§ 1341(c)(2)(B)(ii) or (iii), or in an involuntary termination under 29 U.S.C. § 1342, Termination Premiums at the rate of $1,250 per plan participant per year for three

2

years. *See* 29 U.S.C. § 1306(a)(7), *as amended* by § 8101(b) the Deficit Reduction Act of 2005 (Pub. L. 109-171) and by §§ 401(b) and 402(g)(2)(B) of the Pension Protection Act of 2006 (Pub. L. 109-280).

9. This is an amended claim for Premiums that the Debtors owe to PBGC in the total amount of $101,729,550, apportioned as follows:

(a) Flat-Rate and Variable-Rate Premiums arising after the petition date are administrative expenses entitled to priority under 11 U.S.C. §§ 503(b)(1) and 507(a)(2). This claim includes Flat-Rate and Variable-Rate Premiums arising after the petition date in an amount of zero ($0.00).

(b) Flat-Rate and Variable-Rate Premiums arising before the petition date are general unsecured claims. This claim includes Flat-Rate and Variable-Rate Premiums arising before the petition date in an amount of $11,519,550.00.

(c) Any Termination Premiums other than that described in paragraph 10 are asserted as a general unsecured claim. PBGC estimates that the total amount of Termination Premiums is $90,210,000.00.

10. If the Pension Plan terminates in a distress termination pursuant to 29 U.S.C. § 1341(c)(2)(B)(ii) or in an involuntary termination under 29 U.S.C. § 1342 while the Debtor is attempting to reorganize in Chapter 11, and the Debtor ultimately obtains confirmation of a Chapter 11 plan of reorganization, the Debtor's obligation to PBGC for Termination Premiums does not exist until after the Chapter 11 plan is confirmed and the Debtor obtains a discharge. *See* 29 U.S.C. § 1306(a)(7)(B). Thus, under those circumstances, Termination Premiums are not a dischargeable claim or debt within the meaning of 11 U.S.C. §§ 101(5) and 1141.

11. Documents supporting this claim include the Pension Plan document with

3

applicable amendments; relevant collateral agreements, if any; United States Internal Revenue Service Form 5500s; PBGC Annual Premium Payment forms; and annual actuarial valuation reports for the Pension Plan. On information and belief, the Debtor or a member of its controlled group has in its possession and control copies or originals of these documents.

12. PBGC's investigation of this matter is continuing. The agency reserves the right to amend, modify, and supplement this proof of claim and/or to file additional proofs of claim. This claim may be subject to a right of setoff by PBGC as an agency of the United States government, and the right of the United States to withhold subject to offset amounts due from other federal entities. The filing of this proof of claim is not intended to be and shall not be construed as (1) an election of remedy or (2) a waiver or limitation of any rights of PBGC, the Pension Plan or any of its beneficiaries or participants.

13. Under the Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof signed by this Court on May 21, 2020 (Dkt. 485), this single proof of claim shall be deemed to constitute the filing of a proof of claim against each and every Debtor, asserted as a joint and several liability, in this jointly administered proceeding.

Dated: Washington, D.C.
      December 8, 2020

C. PAUL CHALMERS
Acting General Counsel
KARTAR S. KHALSA
Deputy General Counsel
ERIKA E. BARNES
Assistant General Counsel
ERIN C. KIM
KIMBERLY E. NEUREITER
EMILY E. MANBECK
Attorneys
Office of the General Counsel

4

PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, D.C.  20005-4026
(202) 229-6607
(202) 326-4112
manbeck.emily@pbgc.gov *and*
efile@pbgc.gov

    - and -

SCHAFER AND WEINER, PLLC
JOSEPH K. GREKIN (P52165)
70950 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
(248) 540-3340
jgrekin@schaferandweiner.com