UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                      :         Chapter 11
                                            :
JCK LEGACY COMPANY, *et al.*,               :         Case No. 20-10418 (MEW)
                                            :
                    Debtors.                :         (Jointly Administered)
                                            :

---

**DECISION (1) DEEMING CLAIMS BY ALBERTO COLT-SARMIENTO TO HAVE BEEN TIMELY FILED, (2) RULING THAT SUCH CLAIMS ARE GENERAL UNSECURED CLAIMS AND HAVE NO SECURED OR PRIORITY STATUS, AND (3) OVERRULING AND DENYING OTHER OBJECTIONS AND REQUESTS FOR RELIEF MADE BY MR. COLT-SARMIENTO**

On February 13, 2020, the Debtors commenced their bankruptcy cases by filing petitions for relief. On September 25, 2020, this Court confirmed a chapter 11 plan of reorganization (the "**Plan**") in the Debtors' cases [ECF No. 879], and the effective date of the Plan was September 30, 2020. [ECF No. 886]. A Plan Administration Trustee then took over the responsibility for the review and resolution of claims.

Alberto Colt-Sarmiento ("**Mr. Colt-Sarmiento**") is an individual who is incarcerated at the Washington Corrections Center in Shelton, Washington. He has been incarcerated since 2018. In March 2018, the Tacoma News Tribune, a newspaper operated by Tacoma News, Inc. (which was one of the Debtors in these cases), published an article regarding Mr. Colt-Sarmiento's sentencing (the "**March 2018 Article**"). On April 3, 2020, after the bankruptcy filings, Mr. Colt-Sarmiento filed a lawsuit in the Superior Court of Pierce County, Washington against the Tacoma News Tribune (Case no. 20-2-05809-8), alleging the newspaper had defamed him in the March 2018 Article. That case was dismissed in August 2020; the Court is not aware of the circumstances under which the dismissal occurred. Before and after that dismissal, however, Mr. Colt-Sarmiento has asserted claims and made a number of other filings in these bankruptcy cases. The Plan

1

Administration Trustee and the Pension Benefit Guaranty Corporation (the "**PBGC**") have filed responses to some of those filings. The relevant docket items include the following:

(i) a handwritten document submitted by Mr. Colt-Sarmiento and entitled *Verified Proof of Claim Complaint* (the "**Original Proof of Claim**"), which was dated July 19, 2020, and filed August 7, 2020 [ECF No. 754];

(ii) A handwritten, but undated, *Objection to Debtors' Availing Asset Claims and Formal Request for New Securities Rule 7012; and Objection to Rejection from Debtor in Schedule A Sec 2 and 5* (the "**Objection**"), in which Mr. Colt-Sarmiento objected to a motion to make payments under a Corporate Incentive Plan and asked for certain other relief, and to which Mr. Colt-Sarmiento attached a *First Amended Verified Proof of Claim*, filed on the docket as of October 1, 2020 [ECF No. 1194];[1]

(iii) a handwritten *Notice of Corrected Status from General Unsecured Creditor to Secured Creditor Status*, dated October 12, 2020, and filed October 21, 2020 [ECF No. 930], in which Mr. Colt-Sarmiento asked that his claim be treated as a secured claim;

(iv) the Plan Administration Trustee's July 23, 2021 response to the objections Mr. Colt-Sarmiento had filed at docket no. 1194 [ECF No. 1215];

(v) the Plan Administration Trustee's objection to Mr. Colt-Sarmiento's claim and to his request to be treated as a secured creditor, filed July 23, 2021 [ECF No. 1216];

(vi) a typed notice of appearance and a request by Mr. Colt-Sarmiento for permission to make "new objections" without specifying the matters to which he wished to object, dated July 26, 2021 and docketed as of August 4, 2021 [ECF No. 1228];

---

[1] The docket receipt shows this entry was docket in May 2021, though the document bears a receipt stamp of October 1, 2020.

(vii)   a request by Mr. Colt-Sarmiento for additional time to respond to the Plan Administration Trustee's objections [ECF No. 1255], which the Court granted by Order entered October 1, 2021 [ECF No. 1284];

(viii)  a typed *Motion to Vacate Order/Judgment In Part*, filed by Mr. Colt-Sarmiento in late September 2021 [ECF No. 1291], in which Mr. Colt-Sarmiento asked the Court to vacate a prior Order that had approved a mediation to resolve claims asserted by the PBGC;

(ix)    an additional typed *Motion to Vacate Order Granting PBGC's Motion for Order Requiring Mediation*, filed by Mr. Colt-Sarmiento in October 2021 [ECF No. 1311];

(x)     a typed notice of appearance by Mr. Colt-Sarmiento, to which Mr. Colt-Sarmiento attached an *Amended Verified Proof of Claim Complaint*, dated October 15, 2021 and filed October 27, 2021 [ECF No. 1323];

(xi)    a response by the PBGC to Mr. Colt-Sarmiento's motions to vacate the mediation Orders, filed on November 9, 2021 [ECF No. 1326]; and

(xii)   a typed letter filed by Mr. Colt-Sarmiento in November 2021 [ECF No. 1360], in which Mr. Colt-Sarmiento sought permission to appear on his own behalf in support of his motion to vacate the Order that had approved the mediation of the PBGC's claim.

Throughout his filings Mr. Colt-Sarmiento has asked, among other things, that his claim be accepted and treated as having been properly asserted. Each of the issues raised by Mr. Colt-Sarmiento's filings and by the parties' responses is addressed below.

I.     **The Proof of Claim**

In accordance with Rule 3003(c)(3) of the Federal Rules for Bankruptcy Procedure this Court entered an Order (the "**Bar Date Order**") that established July 10, 2020, as the deadline for non-governmental entities to file proofs of claim (the "**Bar Date**").  Fed. R. Bankr. P. 3003(c)(3); *Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof*, entered May 21, 2020 [ECF No. 485].  The Bar Date Order also specified that proofs of claim should conform substantially to Official Bankruptcy Form No. 410.  In compliance with the Bar Date Order, the Debtors mailed notices to many creditors and published notice of the Bar Date in the New York Times on May 29, 2020.  *See* ECF No. 513.

The Plan Administration Trustee has argued that Mr. Colt-Sarmiento's claim was untimely, that it was improper in form, and that in any event it is not entitled to be treated as a secured claim.

A.     **Timeliness**

As noted above, Mr. Colt-Sarmiento filed a lawsuit against the Tacoma News Tribune in April 2020.  However, a review of the affidavits of service that are on file shows that Mr. Colt-Sarmiento was not included among the creditors to whom notices of the Bar Date were mailed in May 2020. [ECF No. 503].  The Court issued an Order on February 23, 2022, that referred to Mr. Colt-Sarmiento's lawsuit and to the fact that the lawsuit preceded the issuance of the Bar Date Order, and that directed the Plan Administration Trustee to address the question of whether Mr. Colt-Sarmiento was a "known" creditor and whether he was provided notice of the Bar Date by mail. [ECF No. 1407].  The Court expected (among other things) that the Plan Administration Trustee would respond by advising the Court as to whether the Debtors had received notice or were otherwise aware of Mr. Colt-Sarmiento's lawsuit prior to the Bar Date.  Instead, the Plan Administration Trustee's response, filed February 28, 2022, merely states that "[i]t is the Plan

4

Administration Trustee's understanding that Mr. Colt-Sarmiento was not a known creditor of the Debtors." [ECF No. 1413]. No elaboration was offered, and no explanation was provided as to any investigation of the underlying facts that had occurred or as to inquiry that might have been made of the relevant debtor and its attorneys.

It is well-settled that reasonable publication notice is sufficient for creditors whose identities are not known. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950); *see also In re Waterman S.S. Corp.*, 157 B.R. 220, 222 (S.D.N.Y. 1993); *In re Chateaugay Corp.*, No. 86 B 11334 (BRL), 2009 Bankr. LEXIS 275, 2009 WL 367490, at *5 (Bankr. S.D.N.Y. Jan. 14, 2009) (applying *Mullane* and related cases to determine that notice to unknown tort claimants was sufficient to bar their lawsuits). However, it is equally well-settled that due process requires that "known" creditors be given direct notice, by mail, of a bar date and of other proceedings relevant to their claims. *See New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 297 (1953); *Mullane*, 339 U.S., at 314, 70 S. Ct 652, 94 L. Ed. 865. The Debtor bears the burden of proving that a creditor received adequate notice of the bar date. *In re Massa,* 187 F.3d 292, 296 (2d Cir. 1999); *In re Queen Elizabeth Realty Corp.*, 2017 Bankr. LEXIS 793, at * 9-10 (Bankr. S.D.N.Y. Mar. 24, 2017); *In re Horton*, 149 B.R. 49, 57 (Bankr. S.D.N.Y. 1992). The Plan Administration Trustee has not carried that burden. In the absence of any alternative explanation, or any declaration to the contrary, it appears most likely that Mr. Colt-Sarmiento's April 2020 lawsuit was known to the Debtors or their attorneys, and was sufficient to make Mr. Colt-Sarmiento a "known" creditor for due process purposes. He therefore was entitled to direct notice, by mail, of the Bar Date. He did not receive such direct notice.

Mr. Colt-Sarmiento nevertheless somehow learned of the bankruptcy cases. His Original Proof of Claim is dated July 19, 2020 (only nine days after the Bar Date) and it was received by

5

the Court and docketed on August 7, 2020, slightly more than three weeks after the Bar Date. [ECF No. 754].

I note that Mr. Colt-Sarmiento has not referenced "due process" cases and has not formally asked to be relieved of the Bar Date on due process grounds. He also has not cited to Rule 9006 of the Federal Rules of Bankruptcy Procedure or explicitly asked for relief under that Rule. But there are only so many niceties of legal practice that can reasonably be expected given Mr. Colt-Sarmiento's position. Mr. Colt-Sarmiento has clearly and unambiguously asked that his proof of claim be treated as one that was validly filed, and the Court will treat Mr. Colt-Sarmiento's many requests that his claim be allowed to participate in the bankruptcy case as a request, in part, that his claim be treated as timely notwithstanding the fact that it was filed a short time after the Bar Date.

Rule 9006 provides that the Court may excuse the late filing of a claim based on "excusable neglect." The United States Supreme Court has held that the relevant factors to be considered are (1) the danger of prejudice; (2) the length of the delay and its potential impact on proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380 (1993). Those factors weigh in favor of treating Mr. Colt-Sarmiento's claim as timely. He did not receive the direct notice to which he was entitled as a matter of due process. He nevertheless managed to file a claim only a short time after the Bar Date, notwithstanding the obstacles that his imprisonment must have imposed. There is no indication that anyone was prejudiced, or could have been prejudiced, by the short delay that occurred. The Plan Administration Trustee was not even appointed until the Plan was confirmed in September 2020 (by which time Mr. Colt-Sarmiento's claim was already on file), so certainly the brief delay in the

filing of Mr. Colt-Sarmiento's claim did not prejudice the Plan Administration Trustee in any way. The Court also understands that distributions to unsecured creditors have not occurred, as there are litigations that need to be resolved before it can be determined whether distributions are available. As a result, there appears to be no prejudice in excusing Mr. Colt-Sarmiento's delay and in recognizing his claim as timely.

Accordingly, the Plan Administration Trustee's objection to Mr. Colt-Sarmiento's claim on timeliness grounds is overruled. The claim will be treated as a timely-filed claim, and the minor lateness that occurred is excused pursuant to Rule 9006. The Court emphasizes, however, that this merely means that the claim was not untimely. It does *not* necessarily mean that the claim is valid. The Plan Administration Trustee retains all rights to object to the claim on its merits.

**B.     The Form of the Claim**

The claims filed by Mr. Colt-Sarmiento did not use the official forms. However, as noted above Mr. Colt-Sarmiento did not receive the direct notice of the Bar Date (and the mailed copy of a proof of claim form) to which he most likely was entitled as a matter of due process. In any event, the Court finds that the claim forms are sufficient to identify Mr. Colt-Sarmiento and the nature of the claim he is asserting. I find no merit to the suggestion that I should disallow the claim based on its format. If the Plan Administration Trustee needs further specifics, the available discovery tools are more than sufficient for that purpose.

**C.     Alleged Secured Status**

Mr. Colt-Sarmiento has asked to be treated as a secured creditor based on injuries allegedly suffered as a result of information published in the March 2018 Article, including (i) defamation and invasion of privacy "equating to emotional distress," (ii) proximate bodily injury, and (iii) "injury of emotional distress, continuous isolation." *See* Original Proof of Claim (ECF No. 754)

7

at 2-3.  However, the Court is not aware of any basis on which the claim could be considered to be a secured claim.  No collateral was given, no security interest was perfected under applicable law, and no provision of applicable law has been cited pursuant to which the tort claims that have been asserted would constitute anything other than general unsecured claims.

Accordingly, the Plan Administration Trustee's objection to the "secured" status of Mr. Colt-Sarmiento's claim is sustained.  The claim will be treated solely as a general unsecured creditor claim.

**II.    Objections to the Mediation Order**

Mr. Colt-Sarmiento has asked the Court to vacate an Order that allegedly approved a motion by the PBGC to compel a mediation to resolve claims it had asserted.  However, no such Order was entered by the Court.  The Court heard argument on the PBGC's motion but it deferred a ruling, and no Order was ever entered.  The issue then became moot on October 28, 2021, when the GUC Recovery Trustee filed a motion seeking approval of a settlement with the PBGC [ECF No. 1321].  The Court approved that settlement on November 17, 2021 [ECF No. 1345].

Mr. Colt-Sarmiento's motion to vacate therefore is denied.  There is no Order to be vacated, and the underlying motion for mediation is moot.

**III.   Other Objections and Relief Sought by Mr. Colt-Sarmiento**

Pursuant to the Objection [Docket No. 1194], Mr. Colt-Sarmiento sought to object and to provide a defense to "McClatchy's asset claims," to "[r]equest information on undisclosed security bonds," and "timely object[] to the rejection in Schedule A section 2 and 5." *See* Objection (ECF No. 1194) at 1-2.  He also objected to a declaration that had been filed in support of an Incentive Plan and objected to an unspecified monthly operating report. *See id.* at 2 and 4.

8

A.   **Security Bonds**.

The Objection purports to "object[] and provide[] a defense to McClatchy's asset claims" and "[r]equest information on undisclosed security bonds." *See* Objection (ECF No. 1194) at 1-2. Mr. Colt-Sarmiento did not elaborate on the objection or any defenses, and he did not identify the information he was seeking or for what purpose. At one point he suggested that a bond be provided in his favor so that he might have assets to offer to a bail company. However, there is no provision of the Bankruptcy Code that would permit a debtor to provide a bond in favor of a general unsecured creditor. In fact, there is no assurance that there will be a recovery on the claim, let alone any meaningful recovery. The claim remains subject to objections on the merits, and even if the claim were to be allowed it is unclear whether general unsecured claimants will receive significant percentage recoveries. This portion of Mr. Colt-Sarmiento's Objection is overruled.

B.   **Rejections of Contracts and Leases.**

On May 1, 2020, the Court entered an *Order Pursuant to Bankruptcy Code Sections 105, 363, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 6006-1 Authorizing and Approving Expedited Procedures for Rejection or Assumption of Executory Contracts and Unexpired Leases and Granting Related Relief* [ECF No. 401]. In accordance with that Order, the Debtors have filed eleven notices rejecting executory contracts and unexpired leases (each, a "**Rejection Notice**"). Mr. Colt-Sarmiento's Objection seems to refer to a Rejection Notice but does not specify which one. In any event, Mr. Colt-Sarmiento did not articulate any legal or factual reason why any executory contract or unexpired lease should not be rejected, and did not explain any interest Mr. Colt-Sarmiento had in the contracts or their rejection. That portion of Mr. Colt-Sarmiento's Objection is overruled.

9

C. **Incentive Plans.**

On February 13, 2020, the Debtor filed the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Pay Prepetition Wages, Compensation, and Employee Benefits* (the "**Wages Motion**") [ECF No. 15]. The Court entered Orders approving some parts of the motion [ECF Nos. 65 and 184], but the hearing on the request for approval of the Debtor's Corporate Incentive Plan was adjourned to April 29, 2020. *See* ECF No. 184 at 2. The hearing on the Debtor's Corporate Incentive Plan was further adjourned to August 26, 2020 and the deadline for objections by all parties except the Creditors' Committee and the U.S. Trustee was set for April 22, 2020. *See* ECF No. 663.

On August 12, 2020, the Plan Administration Trustee filed the *Declaration of Sean M. Harding in Support of Debtors' Motion for Entry of an Order Approving the Continuation of and Payment of Prepetition Obligations under the Corporate Incentive Plan* (the "**Incentive Declaration**"). On August 25, 2020, the Court entered the *Order Approving Continuation and Payment of Prepetition Obligations under the Corporate Incentive Plan* (the "**Corporate Incentive Plan Order**") [ECF No. 790].

The Objection was not filed until more than a month after the Court had entered the Corporate Incentive Plan Order and more than four months after the objection deadline. It was therefore untimely. Mr. Colt-Sarmiento does not claim any particular or unusual interest in the subject matter and does not contend that he was affected by the relief granted in any particular way and there is no reason to reopen the objection deadline or to reopen the previously entered Orders.

Even if I were to reopen the record on these matters, however, the Objection would not warrant any change in the prior Orders. Mr. Colt-Sarmiento has raised three issues. First, Mr.

10

Colt-Sarmiento objected to footnote 1 of the Incentive Declaration, which references the complete list of Debtors available on the claims agent website, on the grounds that he does not have internet access. *See* Objection (ECF No. 1194) at 4. However, a complete list of the Debtors was available elsewhere in the court record (to which Mr. Colt-Sarmiento obviously has had some access).

Second, Mr. Colt-Sarmiento objected to footnote 2 of the Incentive Declaration, which provided that capitalized terms not otherwise defined therein have the meanings given to them in the Wages Motion, on the grounds "that the term 'shall' shall be proven by case law or other [a]uthority. And if it cannot be proven then to the contra shall be defined." *See id*. The Court finds no fault in the use of defined terms in the Declaration and no lack of clarity in the points the Declaration addressed.

Third, Mr. Colt-Sarmiento objected to the Incentive Declaration on the grounds that 2018 data is not provided. *See id.* at 5-6. The motion did not require such disclosure as it was focused on the 2020 incentive program.

Mr. Colt-Sarmiento's objections to the Incentive Declaration therefore represent minor points of misunderstanding as to common practices in bankruptcy filings and the relevance of certain data. They are not substantive objections to the relief sought and granted by this Court in the Corporate Incentive Plan Order.

D.  **Operating Reports.**

Mr. Colt-Sarmiento objected to an unspecified monthly operating report on the grounds that there "is no signature of Debtor." *See* Objection (ECF No. 1194) at 2. In fact, every operating report filed by the Debtors was electronically signed by an authorized representative of the Debtors. *See* ECF Nos. 260, 493, 505, 628, 746, 813, 889, 1016, 1089, 1166, 1223 and 1301. The electronic signatures are consistent with this Court's "Procedures for Filing, Signing and

11

Verification of Documents by Electronic Means" (the "**Electronic Filing Procedures**"). *See* Electronic Filing Procedures, section II(C)(2)-(3).

To the extent Mr. Colt-Sarmiento intended to raise other issues they were not set forth with sufficient specificity for the Court to consider them or for relief to be granted.

## Conclusion

For the foregoing reasons: (a) Mr. Colt-Sarmiento's papers will be treated as a motion for relief under Rule 9006 and such relief is granted; (b) Mr. Colt-Sarmiento's proof of claim shall be treated as a timely filed general unsecured claim (subject to any objections on the merits that the Plan Administration Trustee may make), and the Plan Administration Trustee's objection to the timeliness of the claim is overruled; (c) the Plan Administration Trustee's request that Mr. Colt-Sarmiento's claim be disallowed for failure to comply with the official forms is denied; (d) the Plan Administration Trustee's objection to the alleged "secured" status of Mr. Colt-Sarmiento's claims is granted, and Mr. Colt-Sarmiento's claims shall only be treated as general unsecured claims; and (e) Mr. Colt-Sarmiento's other objections and requests for relief are overruled and denied. A separate Order will be entered to reflect these rulings.

Dated: New York, New York
      March 3, 2022

                                                          <u>s/Michael E. Wiles</u>
                                                          Honorable Michael E. Wiles
                                                          United States Bankruptcy Judge