**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:                                                      :    Chapter 11
                                                            :
JCK LEGACY COMPANY, *et al.*,                               :    Case No. 20-10418 (MEW)
                                                            :
Debtors.[1]                                                 :    (Jointly Administered)
                                                            :
-------------------------------------------------------------x    **Related Docket Nos. 1410, 1419**

**ORDER PURSUANT TO FED. R. CIV. P. RULE 23: (I) PRELIMINARILY APPROVING**
**THE SETTLEMENT AGREEMENT BETWEEN GUC RECOVERY TRUSTEE AND**
**SETTLEMENT CLASS OF FORMER NEWSPAPER CARRIERS, (II) CERTIFYING**
**MILEAGE REIMBURSEMENT CLASS CLAIMANTS FOR SETTLEMENT PURPOSES**
**ONLY, (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES, (IV)**
**APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS, (V)**
**APPROVING THE FORM AND MANNER OF NOTICE PURSUANT TO 28 U.S.C. §**
**1715, (VI) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL**
**OF THE SETTLEMENT AGREEMENT, AND (VII) GRANTING RELATED RELIEF**

Upon consideration of the Joint Motion[2] of William A. Brandt, Jr., in his capacity as trustee

(the "**GUC Recovery Trustee**") of the GUC Recovery Trust established under the Trust

Agreement and the Plan, and prospective class representatives Veronica Becerra, Roger Carpenter,

Vanessa Castro, Alma Landeros, Randy Leyva, and Williams Herrera Luis (the "**Class**

**Representatives**"), on their own behalf and similarly situated prospective class members (together

with the Class Representatives, and as defined in the Settlement (excluding those who opt-out),

the "**Class**", and each member within the Class, the "**Class Members**", and together with the Class

Representatives and the GUC Recovery Trustee, the "**Parties**"), pursuant to section 105 of title 11

of the United States Code (the "**Bankruptcy Code**"), Rules 7023 and 9019 of the Federal Rules

of Bankruptcy Procedure ("**Bankruptcy Rules**") and Rule 23 of the Federal Rules of Civil

---

[1] The Debtors in these chapter 11 cases and the last four characters of each Debtor's tax identification number are:
JCK Legacy Company (0478) and Herald Custom Publishing of Mexico, S. de R.L. de C.V. (5UZ1). The location of
the GUC Recovery Trustee's service address for purposes of these chapter 11 cases is: 110 East 42 Street, Suite 1818
New York, NY 10017.

[2] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion.

Procedure ("**Rules**") for entry of an order (the "**Order**"): (a) approving the Settlement and Mutual Release Agreement dated as of February 25, 2022 (the "**Settlement**") under Bankruptcy Rule 9019; (b) certifying the Class for settlement purposes only, appointing Callahan & Blaine APLC as Class Counsel, appointing Veronica Becerra, Roger Carpenter, Vanessa Castro, Alma Landeros, Randy Leyva, and Williams Herrera Luis, as Class Representatives, and preliminarily approving the Settlement under Rule 23 and Bankruptcy Rules 7023 and 9019; (c) approving the form and manner of notice to the Class of the class certification and the Settlement (the "**Class Notice**"); (d) approving the form and manner of notice to federal and state officials under 28 U.S.C. § 1715; (e) scheduling a fairness hearing (the "**Fairness Hearing**") to consider final approval of the Settlement; (f) approving the Settlement on a final basis after the Fairness Hearing under Rule 23 and Bankruptcy Rules 7023 and 9019; and (g) granting related relief; and the Bankruptcy Court having reviewed and considered the Joint Motion; and upon the arguments of counsel made, and the evidence adduced, at the hearing held on March 17, 2022 (the "**Preliminary Hearing**"), where all interested persons had an opportunity to be heard; and upon the record of the Preliminary Hearing; and it appearing that the relief requested in the Joint Motion is in the best interests of the Debtors' estates and the GUC Recovery Trust; and after due deliberation and good cause appearing thereof:

The Court hereby finds:

A.      Notice of the Joint Motion ("**Notice**") was served in accordance with the Bankruptcy Rules.

B.      Notice given is the best notice that is practicable under the circumstances, is reasonable and adequate and no other or further notice need be given.

C.      All parties-in-interest have been offered full opportunity to participate and be heard

2

on the Joint Motion.

D.      For purposes of this settlement only, Class Counsel has sufficient experience in handling misclassification and mileage reimbursement class action litigation to adequately represent the Class, and the Class Representatives do not hold an adverse interest to those of the Class.

E.      For purposes of this settlement only: (a) the Class is so numerous that joinder of all Class Members is impracticable; (b) the questions or law and fact are common to the Class; (c) the claims of the Class Representatives are typical of the Class; (d) Class Counsel, Callahan & Blaine APLC, has fairly and adequately prosecuted and protected the interests of the Class; (e) questions of law or fact common to the Class predominate over questions affecting the individual Class Members; and (f) the class settlement mechanism is superior to other available methods of resolving the misclassification and mileage reimbursement claims and other claims released in the Settlement. Accordingly, the Class should be certified for settlement purposes only, pursuant to Rules 23(a) and (b)(3) as incorporated by Bankruptcy Rule 7023, with said Class consisting of all former newspaper carriers known to have worked for The McClatchy Company, d/b/a The Fresno Bee, and McClatchy Newspapers Inc., a Delaware Corporation, d/b/a The Fresno Bee as of the date of entry of this Order approving the Settlement on a preliminary basis and who do not timely request to opt-out of the Class.

F.      Notice should be given to all Class Members to afford them the opportunity to opt-out of the Class or object to the Settlement.

G.      Pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act, notice has been given to federal and state officials to afford them the opportunity to evaluate the Settlement.

H.      Based on the cost, delay, and uncertainty associated with further litigation on

remand, the Settlement is fair, reasonable, cost effective, and in the best interests of the Debtors'

estates and the GUC Recovery Trust, and preliminary approval of the Settlement is warranted.

I.      The Settlement should be preliminarily approved.

J.      Notice to the Class Members of the Settlement by first-class mail, postage prepaid,

at their last known address as indicated in the records of the Debtors is reasonable and the best

notice practicable under the circumstances, and such mailing should be made by the Class

Administrator (defined below) within ten (10) business days following entry of this Order.

K.      The Class Notice attached as **Exhibit A** conforms with the requirements of Rules

23(c)(2)(B) and 23(e)(1). The Class Notice sufficiently describes the nature of the action, and the

issues relevant to the action. The Class Notice states that the Settlement, if approved, will be

binding on all Class Members (excluding those who opt-out). The Class Notice summarizes the

terms of the Settlement, the right and manner of each Class Member to opt-out of the Class or

object to the Settlement, the right of each Class Member to appear by counsel at the Fairness

Hearing, and that more information is available from Class Counsel upon request. The Class

Notice informs the Class Members that the Settlement provides for the release of their Released

Claims (as defined in the Settlement) and the payment of fees and costs to the Class Administrator.

L.      The Fairness Hearing will be held on **June 15, 2022 at 11:00 a.m.**, so that: (a) the

Class Members will have at least thirty (30) days from mailing of the Class Notice to secure

information regarding the relief sought in the Joint Motion, to opt-out of and/or object to the

Settlement should they choose to do so, and/or to engage counsel to appear at the Fairness Hearing;

and (b) federal and state officials will have at least ninety (90) days under 28 U.S.C. § 1715 of the

Class Action Fairness Act, to review and evaluate the Settlement.

**IT IS HEREBY ORDERED THAT**:

1.      The Joint Motion is **GRANTED**.

2.      The Settlement is hereby preliminarily **APPROVED**.

3.      The Class, which consists of 3,810 individuals who worked as newspaper carriers between December 19, 2004 and January 31, 2010 for The McClatchy Company, d/b/a The Fresno Bee, and McClatchy Newspapers Inc., a Delaware Corporation, d/b/a The Fresno Bee (the "**Bee**"), is hereby certified for settlement purposes only under Rules 23(a) and (b)(3) and Bankruptcy Rule 7023, with respect to their misclassification and mileage reimbursement claims against the Bee, all other claims alleged in the Class Action and/or the Class Proof of Claim and/or all other claims seeking to be released under the Settlement.

4.      The Class is allowed to maintain a Class Proof of Claim (in the combined allowed amount as set forth in the Settlement) for settlement purposes only.

5.      Rule 23 is made applicable to this matter through Bankruptcy Rule 7023.

6.      Veronica Becerra, Roger Carpenter, Vanessa Castro, Alma Landeros, Randy Leyva, and Williams Herrera Luis, are hereby appointed as the Class Representatives.

7.      Callahan & Blaine APLC is hereby appointed as Class Counsel.

8.      CPT Group, Inc. shall serve as class administrator (the "**Class Administrator**") for purposes of implementation of the Settlement and related functions (as provided for under the Settlement).

9.      The form, manner, and service of the Class Notice by the Class Administrator via first-class mail, postage prepaid, to each Class Member at his or her last known address contained in the Debtors' records, is hereby approved.

10.     The Class Notice shall be mailed first-class by the Class Administrator to individual

5

class members within ten (10) business days following entry of this Order.

11.     On March 9, 2022, the GUC Recovery Trustee filed the *Affidavit of Service of Notice Under Class Action Fairness Act*, which provides that certain federal and state officials were served notice of the Joint Motion on March 4, 2022. *See* Docket No. 1419.

12.     The form, manner, and service of notice to federal and state officials under 28 U.S.C. § 1715 of the Class Action Fairness Act was appropriate.

13.     Objections or other responses to final approval of the Settlement or Class Administrator fees and costs must be received by the GUC Recovery Trustee and Class Counsel postmarked no later than **May 15, 2022**. Objections or other responses must be in writing and must set forth the basis for any such objection or other response to the Settlement.

14.     Prior to the Fairness Hearing, counsel for the GUC Recovery Trustee shall file a declaration attesting to the service of notice of this Settlement to the federal and state officials under 28 U.S.C. § 1715 of the Class Action Fairness Act.

15.     No final order approving the Settlement shall be entered until all applicable notice periods have expired.

16.     A Fairness Hearing shall be held on **June 15, 2022, at 11:00 a.m. (Prevailing Eastern Time)**. Due to the COVID-19 pandemic, the hearing shall be held by telephone or video conference at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004, Courtroom 617 of the Honorable Michael E. Wiles.

17.     This Court shall retain jurisdiction to interpret, enforce, and implement the Settlement and this Order.

Dated: March 18, 2022
New York, NY

**s/Michael E. Wiles**
Michael E. Wiles
United States Bankruptcy Judge

## **Exhibit A**

Class Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                    :    Chapter 11
                                          :
JCK LEGACY COMPANY, *et al.*,             :    Case No. 20-10418 (MEW)
                                          :
            Debtors.³                     :    (Jointly Administered)
                                          :
----------------------------------------------------------------x

<u>**CLASS NOTICE**</u>

**IF YOU WERE A NEWSPAPER CARRIER FOR THE FRESNO BEE WITHIN
THE STATE OF CALIFORNIA DURING THE PERIOD  DECEMBER 19, 2004
<u>TO JANUARY 31, 2010, THIS NOTICE MAY AFFECT YOUR RIGHTS</u>**

**PLEASE READ THE CLASS NOTICE CAREFULLY AND IN ITS ENTIRETY**

***A court authorized this notice. This is not a solicitation.***

The purpose of this Class Notice is to advise you of how your rights may be affected by the *Settlement and Mutual Release Agreement* dated as of February 25, 2022 (the "**Settlement**") reached between the parties to the class action lawsuit filed by former newspaper carriers of The McClatchy Company, a Delaware Corporation, d/b/a The Fresno Bee, and McClatchy Newspapers Inc., a Delaware Corporation, d/b/a The Fresno Bee (referred to hereinafter as the "**Bee**" or the "**Debtors**") and the related proof of claim filed in the above-captioned chapter 11 proceedings.

**1.  Why Should I Read This Notice?**

This Class Notice is given pursuant to an Order of the U.S. Bankruptcy Court dated March __, 2022 [Docket No. ___ ] granting preliminary approval of the Settlement to resolve the class action captioned *Veronica Becerra et al. v. The McClatchy Co., et al*, Superior Court Case No. 08CECG04411 (KAG) (the "**Class Action**"). The Class Action was filed on behalf of Veronica Becerra, Roger Carpenter, Vanessa Castro, Alma Landeros, Randy Leyva, and Williams Herrera Luis (the "**Class Representatives**") and the class they seek to represent (the "**Class**").

The Debtors provided print and digital newspaper services and other services, including nationwide digital marketing. On February 13, 2020, each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code (the "**Bankruptcy Proceeding**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' cases have been consolidated for procedural purposes only and are being administered jointly.

---

³ The Debtors in these chapter 11 cases and the last four characters of each Debtor's tax identification number are: JCK Legacy Company (0478) and Herald Custom Publishing of Mexico, S. de R.L. de C.V. (5UZ1). The location of the GUC Recovery Trustee's service address for purposes of these chapter 11 cases is: 110 East 42 Street, Suite 1818 New York, NY 10017.

On September 25, 2020, the Bankruptcy Court confirmed the Debtors' chapter 11 plan of distribution, which went effective on September 30, 2020 (the "**Plan**") [Docket Nos. 879 and 886]. The Plan established the JCK Legacy GUC Recovery Trust (the "**GUC Recovery Trust**"), which is governed by the GUC Recovery Trust Agreement.  William A. Brandt, Jr. was appointed as trustee (the "**GUC Recovery Trustee**") of the GUC Recovery Trust.

After the effective date of the Plan, the GUC Recovery Trustee and counsel for the Class ("**Class Counsel**") negotiated the Settlement, to resolve all claims in the Class Action, and related claims, arising on or before the bankruptcy filing.

The Settlement provides that the Class Representatives will represent all newspaper carriers who worked for the Bee within the State of California at any time beginning on December 19, 2004 through January 31, 2010 (the "**Class Period**"), other than carrier substitutes and large distributors. Any carrier who fits this description will be deemed a member of the Class ("**Class Member**").

The Settlement is subject to final approval by the Bankruptcy Court. If the Bankruptcy Court approves the Settlement, it will result in, among other things: (i) a potential distribution of a monetary recovery to the Class Members proportionate with all GUC Recovery Trust beneficiaries; (ii) dismissal of the Class Action; (iii) allowance of a Class Proof of Claim as provided for in the Settlement, along with the release of certain actual or potential claims against the Debtors, the GUC Recovery Trust, and related parties; (iv) an award of attorney's fees and costs to Class Counsel; and (v) payment of an administrative fee to the Class Administrator (defined below).

## 2. Description of the Class Action

On December 19, 2008, the Class Representatives filed the Class Action against the Bee in the Superior Court for the County of Fresno (the "**Superior Court**"). The Class Representatives asserted nine causes of action, including a cause of action for unfair business practices, which the Class Action parties ultimately agreed to have adjudicated solely at trial. The relief sought in the Class Action was largely premised upon the Bee's alleged failure to classify the Class as employees and to reimburse the Class for reasonable mileage expenses.

After a bench trial, the Superior Court issued a ruling and entered a judgment in favor of the Bee, finding that the Class Members were properly classified as independent contractors. The Class Representatives appealed the judgment to the Court of Appeal of the State of California (the "**Appeal**"), the Fifth Appellate District (Case No. F074680) (the "**Appellate Court**"). On September 30, 2021, the Appellate Court issued a decision, reversing the Superior Court's findings that the Class Members were properly classified as independent contractors. Among other things, the Appellate Court ruled that the Court misapplied the burden of proof and failed to apply a 1989 California Supreme Court precedent to determine the Class Members' employment status.

Notwithstanding the decision, the Appellate Court declined to enter a ruling in favor of the Class Representatives that the Class Members were employees as a matter of law. According to the Appellate Court, much of the evidence submitted by the Class Representatives was disputed,

2

and that the Superior Court did not resolve whether such evidence was credible or whether such evidence described policies applicable to the entire Class. Accordingly, the Appellate Court remanded the case back to the Superior Court for further proceedings.

### 3.   Why Did I Get This Notice?

You received this Class Notice because you have been identified as a former newspaper carrier who worked for the Bee within the State of California between December 19, 2004 and January 31, 2010, and may be entitled to mileage reimbursement for reasonable expenses incurred as a newspaper carrier.

This Class Notice is to inform you of a proposed class action settlement pending in the U.S. Bankruptcy Court in the State of New York and how you can participate in the settlement.

### 4.   What is The Class Action Settlement?

The parties have reached a settlement of the Class Action referenced above and you are receiving this notice because the Bankruptcy Court has preliminarily approved the Settlement. **The Settlement will affect all members of the Class and will entitle them to a pro rata share of the class action settlement payment.**

Under the terms of the Settlement, the Class is entitled to an allowed general unsecured claim in the total amount of $19,453,649. The claim has two components: (a) $12,353,659 to the Class, as mileage reimbursement for reasonable expenses (the "**Class Settlement Amount**"); and (b) $7,099,990 as an award to Class Counsel as legal representative for the Class (the "**Class Counsel Award**").

The Class Settlement Amount shall be paid from assets of the GUC Recovery Trust and each Class Member shall be paid a pro rata share of the Class Settlement Amount after subtracting the Class Administrator Fee (as defined below). The Class Counsel Award shall be paid *solely* from assets of the GUC Recovery Trust, *not* the Class Settlement Amount.
**FOR AVOIDANCE OF DOUBT, BECAUSE THE DEBTORS ARE IN A BANKRUPTCY PROCEEDING, THE CLASS SETTLEMENT AMOUNT AND THE CLASS COUNSEL AWARD WILL NOT BE PAID IN FULL, AND THE GUC RECOVERY TRUSTEE ANTICIPATES THAT THE PROPOSED DISTRIBUTION FOR GENERAL UNSECURED CREDITORS WILL BE LESS THAN 10%.**

### 5.   Who Is Included in the Settlement?

All newspaper carriers, other than carrier substitutes and large distributors, who worked for the Bee between December 19, 2004 and January 31, 2010 and who do not timely request to opt-out of the Class.

### 6.   How Much Will Each Class Member Receive?

After subtraction of the Class Administrator Fee from the Class Settlement Amount (the

"**Net Settlement Amount**"), each Class Member will receive, as a pro rata share of the Net Settlement Amount, an Individual Class Member Settlement Payment, based on the proportionate number of days worked by each Class Member during the Class Period. Individual Class Member Settlement Payments shall be calculated and apportioned as follows:

    i.      Determine total number of Work Days.

    ii.     Divide Net Settlement Amount by the total number of Work Days; the resulting figure is the value of the Work Day ("**Base Value**").

    iii.    Multiply Base Value by the number of the Class Member's Work Days.

The resulting figure shall be the "Individual Class Member Settlement Payment" for each Class Member. **THE PAYMENT WILL NOT BE IN THE FULL AMOUNT OF THE CLASS MEMBERS' CLAIMS; DUE TO THE BANKRUPTCY, IT WILL UNFORTUNATELY ONLY BE PAID IN PENNIES ON THE DOLLAR.**

### 7. How Will Class Counsel and the Class Administrator Be Paid?

From the inception of this Class Action to the present, Class Counsel have undertaken representation of the Class on a contingent basis and have not received any payment for their services in prosecuting this case, nor have they been reimbursed for any out of pocket expenses. To date, Class Counsel has worked many hours and has incurred (but not been paid) millions of dollars of legal fees working on behalf of the Class. If the Bankruptcy Court approves the Settlement, then Class Counsel, subject to Bankruptcy Court approval, will receive its share of fees and costs, all payable *solely* out of assets of the GUC Recovery Trust. The Class Counsel fees and costs will also be paid at pennies on the dollar due to the Debtors' bankruptcy.

In addition, CPT Group, Inc. shall serve as class administrator (the "**Class Administrator**" together with Class Counsel, the "**Class Professionals**") for purposes of administering this Settlement and shall receive a professional fee (the "**Class Administrator Fee**") of $30,000, which shall be paid *solely* out of the Class Settlement Amount.

The Class Counsel Award and the Class Administrator Fee (together, the "**Class Professional Fees**") will be filed at the same time as the joint motion seeking both preliminary and final approval of the Settlement. Class Professionals' compensation will be determined by the Bankruptcy Court at the hearing to approve the Settlement on a final basis.

### 8. How Will I Receive Payment?

The Parties have agreed that the Class Administrator, CPT Group, Inc., will mail Individual Class Member Settlement Payment checks directly to Class Members on a periodic basis as described in the Settlement. If you do not opt-out of the Settlement, you *will not* have to submit a proof of claim, or take any other action, to receive your Individual Class Member Settlement Payment. *If your address changes from the time you receive this Notice, you are required to update your address with the Class Administrator to receive your check and any other notices.*

**9. When Will I Receive My Settlement Payment?**

Due to the timing of the claims resolution process contemplated under the Plan, distribution(s) of the Class Settlement Amount and Class Counsel Award may not occur for a significant period of time, but will be about the same time with distributions to other general unsecured creditors of the Debtors under the Plan.

**10. What Am I Giving Up If I Participate In This Settlement?**

The Settlement provides that, after the Bankruptcy Court enters an order finding the Settlement is fair, adequate, and reasonable, and all appeals have been resolved or all appeals periods have expired, those Class Members who have not timely requested exclusion by opting out shall be deemed to have fully, finally and forever released, relinquished and discharged the legal claims described below, *even if you separately filed a proof of claim in the Bankruptcy Proceeding prior to mailing of this Class Notice*.

Specifically, upon the effective date of the Settlement and in exchange for the consideration provided, and except as to such rights or claims as may be created by the Settlement, the Class Representatives and all Class Members (excluding those who opt-out) - regardless of whether they have submitted a timely and valid proof of claim in the Debtors' bankruptcy cases prior to mailing of this Class Notice - and their respective heirs, beneficiaries, devisees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns (the "**Releasing Person(s)**"), shall hereby fully and forever completely release and discharge the Debtors and the GUC Recovery Trust all of their past, present or future subsidiaries, parents, affiliates, officers, directors, employees, representatives, insurers, agents, counsel, successors, heirs, assigns, executors, administrators, affiliated entities, and vendors (each a "**Released Party**") from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature that were alleged in the Class Action or which could reasonably have been alleged under California or federal law based on the factual allegations contained in the Class Action, beginning on December 19, 2004 up to and including January 31, 2010.

The release includes, but is not limited to any claims for restitution, equitable relief, wages, bonuses or incentive payments, penalties, interest, and/or attorneys' fees and costs of any kind arising under California or federal law for the claims asserted in the Class Action or that could have been alleged under California or federal law based on the alleged facts in the complaints filed in the Class Action, including without limitation, Business and Professions Code sections 17200-17208, and California Labor Code sections 200-203, 216, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1194 and 2698-2699.5 (the California Private Attorneys General Act) and 29 U.S.C. §§ 201 et seq. (collectively, the "**Released Claims**").

For avoidance of doubt, upon the effective date of the Settlement, each Releasing Person will have agreed that the execution of the Settlement and the Bankruptcy Court's final approval thereof will fully, completely and finally resolve any and all issues, disputes or controversies each Releasing Persons has asserted or may assert either inside or outside of the Debtors' bankruptcy cases that are alleged in the Class Action or that could have been alleged under California or federal

5

law based on the alleged facts in any of the complaints filed in the Class Action.

Further, with respect to the Released Claims only, each Releasing Person will have expressly warranted that he or she has read, understands, and intends to waive the rights described in Section 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.**

Thus, notwithstanding the provision of Section 1452, and for the express purpose of implementing a full and complete release and discharge of each Released Party, Releasing Persons will have expressly acknowledged that the Settlement is intended to include within its effect, without limitation, all Released Claims that the Releasing Persons do not know or suspect to exist in his/her favor at the time of execution of the Settlement, and that the Settlement contemplated the extinguishment of any and all such Released Claim(s).

**11. What If I Want To Object To The Settlement?**

If you are satisfied with the Settlement including Class Professionals' Fees and the releases, you do not need to do anything. Your Individual Class Member Settlement Payment (which may be delivered in more than one periodic distribution) will be mailed to your last known address as indicated in Debtors' books and records or to such address that you have updated with the Class Administrator. If you have any questions regarding mailing of settlement checks, please notify Class Counsel as follows:

**Via Mail:**
Callahan & Blaine APLC
3 Hutton Centre, 9th Floor
Santa Ana, CA 92707
Attn: Michael J. Sachs
Scott D. Nelson

**Via Phone:**
(714) 241-4444

If, on the other hand, you believe that the Settlement is unfair or inadequate or are dissatisfied with the Class Settlement Amount or feel that the Class Professionals' Fees should not be approved, you may object to the Settlement and/or the Class Professionals' Fees by mailing via certified mail, return receipt requested, a detailed written statement bearing the caption of this action shown above on the first page stating your comment or objection to Callahan & Blaine APLC (Attn: Michael J. Sachs and Scott D. Nelson) at the address shown above and to counsel for the GUC Recovery Trustee at the address shown below:

6

**Via Mail:**
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, New York 10019
Attn: Leo T. Crowley
Kwame O. Akuffo

*Objections must be mailed so as to be received no later than **May 15, 2022** and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding court approval of the Settlement and the award of the Class Professionals' Fees, as described above.*

You may also object or comment in person or by counsel at the Final Hearing described below. If you intend to appear through an attorney, you will be *solely* responsible for the fees and costs of your attorney. If the Bankruptcy Court rejects either your written or oral objection, you still will be bound by the terms of the Settlement.

The hearing for final approval of the Settlement (the "**Final Hearing**") is scheduled to occur on **June 15, 2022, 11:00 a.m. (Prevailing Eastern Time)** via telephone or by video conference before the Honorable Michael E. Wiles of the U.S. Bankruptcy Court for the Southern District of New York located at One Bowling Green, Courtroom 617, New York, NY 10004. The Final Hearing may be adjourned or continued from time to time in the discretion of the Bankruptcy Court with or without notice by the Bankruptcy Court as the Bankruptcy Court may direct.

Unless otherwise ordered by the Bankruptcy Court, if you or any other Class Member fail to timely file and serve written objections in the manner described above by the specified deadline, or otherwise fail to comply with the procedures set forth herein, you will be deemed to have waived any objections to any or all aspects of the Settlement and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement and will not be allowed to appear before the Bankruptcy Court at the Final Hearing.

**12. What If I Elect To Opt-Out of the Settlement?**

If you choose not to be bound by this Settlement, you may opt-out of the Class by completing the form (the "**Opt-Out Form**") attached as **Exhibit 1**. The Opt-Out Form must be completed no later than **May 15, 2022** (the "**Opt-Out Deadline**") and mailed to the Debtors' Claims Agent at:

JCK Legacy Co. (f/k/a/ The McClatchy Co.)
Opt-Out c/o Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

If you elect to opt-out, you may choose to complete and file the individual proof of claim attached as **Exhibit 2**, which **must be received by the Debtors' Claims Agent no later than May 15, 2022**. **You are not obligated to do so, however. All requests for exclusion from the Class received after the Opt-Out Deadline will not be effective and such person will be deemed a**

**member of the Class, even if you filed a proof of claim with respect to any Released Claims prior to service of the Class Notice. If an individual proof of claim is filed, the opt-out claimant may be required to explain why the claim was not filed before the original deadline (July 10, 2020) to file claims against the Debtors' estate.**

The Debtors' Claims Agent will submit such individual proofs of claim to the GUC Recovery Trustee.

Any Class Member who elects to opt-out of the Settlement must pursue his or her claims with the Bankruptcy Court in accordance with the claims allowance process. All Class Members who elect to opt-out are stayed or enjoined from pursuing claims that are subject to this Settlement in state court or any other court that would otherwise have competent jurisdiction, unless the Bankruptcy Court determines otherwise.

Any individual proof of claim will be subject to the claims allowance process in the Bankruptcy Court. The GUC Recovery Trustee expects to, and other parties-in-interest may, object to any individual proof of claim that lack merit, are not timely filed by the Opt-Out Deadline, or timely filed during the Opt-Out Period, but were filed after the original deadline to file claims, are filed in excess, and/or are not supported by proper documentation, and further anticipate that the ultimate recovery on such claims, if any, will be subject to the claims allowance process. Class Members who opt-out of the Settlement may recover, if at all, proportionate with other non-settling general unsecured creditors under the Plan. The actual terms of the Plan are available on the Class Administrator's website: www.frensobeenewssettlement.com. **IF THE INDIVIDUAL PROOF OF CLAIM IS DISALLOWED AND EXPUNGED, THE CLASS MEMBER WHO OPTED OUT OF THE SETTLEMENT WILL RECEIVE NO RECOVERY ON ACCOUNT OF SUCH CLAIMS. ANYONE WHO OPTS OUT SHOULD ASSUME THAT THEY ARE NOT LIKELY TO RECEIVE ANY RECOVERY ON THEIR CLAIM**.

### 13. What If I Already Timely Filed A Proof of Claim With The Bankruptcy Court?

If you timely filed a proof of claim *prior* to service of this Class Notice alleging any claim duplicative of or subsumed by the claims asserted in the Class Action (and/or arise out of the same or similar facts) and you do not opt-out of the Settlement, you will receive your Individual Class Member Settlement Payment as set forth above, but will consent to having your proof(s) of claim reduced, withdrawn, and/or expunged since your Individual Class Member Settlement Payment will be in full satisfaction of any and all claims asserted in your proof(s) of claim that are duplicative of or subsumed by the claims asserted in the Class Action and/or arise out of the same or similar facts. A separately noticed motion will be filed with the Bankruptcy Court seeking to reduce, withdraw and/or expunge proofs of claim filed by Class Members who do not opt-out of the Settlement and who have asserted claims that appear to be duplicative of or subsumed by the claims asserted in the Class Action and/or arise out of the same or similar facts.

### 14. When Will The Bankruptcy Court Decide Whether To Approve The Settlement?

The Bankruptcy Court will hold a hearing on **June 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**, before the Honorable Michael E. Wiles of the U.S. Bankruptcy Court for the

8

Southern District of New York located at One Bowling Green, Courtroom 617, New York, NY 10004. The hearing will be telephonic; if you wish to participate, you will need to create a Court Solutions account at https://www.court-solutions.com and register in advance of the telephonic hearing. The purpose of the hearing, in part, will be to determine: (1) whether the Settlement should be finally approved as fair, reasonable, and adequate; (2) whether to finally approve all other aspects of the Settlement, including the aspects discussed herein; and (3) whether to approve the Class Counsel Award and the Class Administrator Fee. The Bankruptcy Court reserves the right to adjourn or continue the hearing without further notice to the Class.

**15. Who Is The Judge In This Case?**

The Honorable Michael E. Wiles of the U.S. Bankruptcy Court for the Southern District of New York located at One Bowling Green, Courtroom 617, New York, NY 10004.

**16. What Are The Critical Dates?**

| EVENT | DEADLINE |
|---|---|
| Deadline to opt-out of the Settlement and submit Opt-Out Form and Proof of Claim. | Opt-Out Form and Proof of Claim must be received no later than **May 15, 2022**. |
| Deadline to submit any written statement to counsel for the GUC Recovery Trustee and Class Counsel objecting to or commenting on the Settlement, who will file the objection with the Bankruptcy Court (**only if you do not opt- out of the Settlement**). | Written objections or comments must be received by counsel for the GUC Recovery Trustee and Class Counsel no later than **May 15, 2022**. |
| The final hearing to approve the Settlement. | Honorable Michael E. Wiles will hold a hearing on **June 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**, in the U.S. Bankruptcy Court for the Southern District of New York located at One Bowling Green, Courtroom 617, New York, NY 10004. |

**17. Where Can I Find Additional Information?**

If you have questions, you may write or telephone Class Counsel at:

**Via Mail:**
Callahan & Blaine APLC
3 Hutton Centre, 9th Floor
Santa Ana, CA 92707
Attn: Michael J. Sachs
Scott D. Nelson

**Via Phone:**
(714) 241-4444

9

This Class Notice is only a summary and does not describe all details of the Settlement. For full details of the matters discussed in this Class Notice, you may wish to review the Settlement. Please contact Class Counsel, as provided for above, for a copy of the Settlement and/or copies of the complaints filed in the Class Action. The complete record of all the non-confidential papers filed in this case have also been electronically filed with the U.S. Bankruptcy Court for the Southern District of New York. A copy of the Settlement and/or copies of the complaints filed in the Class Action, and all other documents filed in connection with the Class Action will also be posted on a website maintained by CPT Group Inc., which is located at: www.frensobeenewssettlement.com.

**PLEASE CONTACT CLASS COUNSEL FOR MORE INFORMATIONREGARDING THE SETTLEMENT OR THE CLAIMS PROCESS.**

Dated: March __ , 2022

## **Exhibit 1**

Opt-Out Form

# REQUEST FOR EXCLUSION FROM CLASS ("OPT-OUT") FORM

**Bankruptcy Case**: *In re JCK Legacy Co. et al.*, Case No. 20-10418 (MEW)
United States Bankruptcy Court Southern District of New York

**Class Action**: *Veronica Becerra et al. v. McClatchy Co. et al.*
Fresno County Superior Court, Case No. 08CECG04411 (KAG)

**YOU MUST COMPLETE THIS FORM IF YOU DO NOT
WISH TO BE PART OF THE CLASS ACTION SETTLEMENT.**

By signing and returning this form, I confirm that I do not want to be included in the settlement of the class action lawsuit referenced above.

I understand that by opting out, I am giving up my right to receive any payments under the settlement.

By opting out, I understand that the applicable bar date (i.e., July 10, 2020) in the bankruptcy case of *In re JCK Legacy Co. et al.* has already passed, and that I may only be allowed to pursue an individual claim if I can obtain relief from the bar date.

By providing the following information, I affirm that I want to opt-out of this class:

_____

First Name                          Middle Initial                          Last Name


_____

Current Mailing Address                City                State                Zip Code


_____           _____

Home Phone Number                                    Work/Other Phone Number


_____

Last 4 Digits of your SSN


_____           _____

Signature                                            (Date)

## **Exhibit 2**

Proof of Claim Form