UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                       :    Chapter 11
                                                             :
JCK LEGACY COMPANY, *et al.*,                                :    Case No. 20-10418 (MEW)
                                                             :
          Debtors.                                         :    (Jointly Administered)
                                                             :
------------------------------------------------------------- x    **Related Docket Nos. 1569 and 1570**

### DECISION DENYING MOTION BY ALBERTO COLT-SARMIENTO FOR APPOINTMENT OF COUNSEL

      Before me is the motion by Alberto Colt-Sarmiento for the appointment of counsel to assist him in pursuing his claim against one of the debtors in this case. Mr. Colt-Sarmiento is currently a prisoner and seeks the appointment of counsel under section 1915(e)(1) of Title 28 of the United States Code. In support of his application, Mr. Colt-Sarmiento has cited to the decision in *Allen v. Daigger (In re Allen)*, No. 06-1252, 2007 Bankr. LEXIS 313 (W.D. Tex. Jan. 25, 2007). In *Allen*, the court correctly held that it had the authority to ask counsel to represent indigent litigants pursuant to section 1915(e). However, the court also correctly held that a court is not obligated to ask counsel to do so. In fact, in *Allen* the court declined to make such a request.

      Before discussing the underlying facts it is necessary to identify the standards must be applied in this Circuit in ruling on a motion under section 1915(e). Some courts in other Circuits have suggested that the power to request that counsel represent an indigent should only be exercised under exceptional circumstances, but the Second Circuit has rejected that standard. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). In *Hodge*, the Second Circuit endorsed the factors that were first established by the Seventh Circuit in *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981). Under the *Hodge* decision, a court that considers a request for the appointment of counsel under section 1915(e)(1) should first consider the merits of the litigant's claim, since counsel is normally unwarranted if a claim is frivolous or if the chance of success is extremely

slim. *Hodge*, 802 F.2d at 60. If the claim is a colorable one, then the court should consider whether the facts are complicated and require investigation of a kind that an indigent is not in a position to do; whether the evidence consists of conflicting testimonies such that the assistance of trained counsel is warranted; the capability of the indigent litigants to present the case; the complexity of the legal issues; and any other special reason why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61.

There have already been significant proceedings in this court regarding Mr. Colt-Sarmiento's claim, and it is useful to review the history of those proceedings in order to explain my application of the *Hodge* factors and my ruling on Mr. Colt-Sarmiento's request.

Mr. Colt-Sarmiento's claim is based on allegations that one of the debtors, the Tacoma News Tribune, defamed him in an article that was published in March 2018. He took issue with portions of the article that described the testimony and other evidence in Mr. Colt-Sarmiento's criminal trial and the underlying facts that led to that criminal trial.

Mr. Colt-Sarmiento filed a handwritten proof of claim that was dated July 19, 2020 and filed August 7, 2020. [ECF No. 754.] He made additional filings asking that his claim be treated as a secured claim. [ECF No. 930.] He also filed objections to other motions; I have listed those other objections in a prior decision [ECF No. 1415], but they are not relevant to the pending motion and it is not necessary to summarize them here.

The Debtors objected to Mr. Colt-Sarmiento's original claim and to his request to be treated as a secured creditor. [ECF No. 1216.] I granted Mr. Colt-Sarmiento's request for additional time to respond to those objections. [ECF No. 1284.] Mr. Colt-Sarmiento then filed an amended claim in October 2021. [ECF No. 1323.] In addition, one of the objections that had been posed was that Mr. Colt-Sarmiento's claim had been filed after the deadline that I had set for the submission of

claims. I directed the Debtors to make an additional submission as to whether Mr. Colt-Sarmiento was a known creditor who was entitled to direct notice by mail of the deadline for the filing of claims, and whether Mr. Colt-Sarmiento had received such direct notice. [ECF No. 1407.]

Subsequently, I issued a decision on March 3, 2022 [ECF No. 1415], and an order that same day [ECF No. 1416]. I first held that Mr. Colt-Sarmiento's claim would be treated as having been timely filed. I noted that he had not formally asked that he be granted relief from my order setting a deadline for the filing of claims, but I also noted that he had clearly asked that his claim be regarded as a valid one, and as I said then, "[t]here are only so many niceties of legal practice that can reasonably be expected, given Mr. Colt-Sarmiento's position." I then reviewed the factors that are relevant in deciding whether to grant relief from a bar date order under Rule 9006, and I found that those factors had been satisfied.

The Debtors had also objected to Mr. Colt-Sarmiento's claim on the ground that he had not used the official form for the submission of a claim. I denied that objection. I did, however, sustain the objection to Mr. Colt-Sarmiento's request that his claim be treated as a secured claim, as I found that there was no basis on which to do so. Finally, I denied Mr. Colt-Sarmiento's objections to some other motions that are not relevant here.

My March 2022 decision did not resolve the merits of Mr. Colt-Sarmiento's claim. The GUC Recovery Trustee (an entity entitled to file objections under the terms of the confirmed plan) filed further objections on March 22, 2022. [ECF No. 1436.] Mr. Colt-Sarmiento filed responses on May 12, 2022 and July 15, 2022. [ECF Nos. 1460 and 1491.] Among other things, Mr. Colt-Sarmiento asked the Court to grant him a further extension of time in light of his limited access to a computer and to a law library. The GUC recovery trustee filed a further response on July 15, 2022. [ECF No. 1494.]

On September 7, 2022, I issued a decision and an order denying Mr. Colt-Sarmiento's claim. [ECF Nos. 1521 and 1522.] I said then that I was sympathetic with Mr. Colt-Sarmiento's contention that he had limited ability to do legal research, but I noted that, for that reason, we had carefully reviewed the applicable law regarding his asserted claims, so as to be sure that we were aware of and could evaluate any arguments that might support his claims or that might warrant any further proceedings. After doing that research, however, we concluded that there was merit to the trustee's legal objections and that the claim should be disallowed. In my decision, I then reviewed the requirements of Washington law regarding claims of defamation, false light, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence, each of which Mr. Colt-Sarmiento had identified as a theoretical basis for his claim. I noted a variety of reasons why his claim was legally deficient, and accordingly, I disallowed the claim.

The order disallowing the claim was entered on September 7, 2022, and no appeal was filed. Since that time, Mr. Colt-Sarmiento has filed other objections to other matters and has made other requests for information, all of which I have addressed. His motion for the appointment of counsel was filed on November 27, 2023, more than a year after the entry of the Decision and the Order that denied his claim.

Under these circumstances, the November 27, 2023, request for the appointment of counsel is unfounded. Mr. Colt-Sarmiento acted on his own behalf in litigating his claim, as he was entitled to do. The Court fully considered all of his prior submissions before ruling on his claim in September 2022. The motion seeking the appointment of counsel was filed more than a year after the issuance of the order that disallowed Mr. Colt-Sarmiento's claim. No appeal was filed, and there is nothing that a lawyer could do to alter that fact. Nor am I aware of any ground on which

4

relief from the Court's Order could be sought under Bankruptcy Rule 9024, which incorporates the provisions of Rule 60(b) of the Federal Rules of Civil Procedure.

I understand Mr. Colt-Sarmiento's frustration, like that of any other claimant whose claim has been denied, and his unhappiness with the outcome. I note, however, that we made every effort to afford him additional time to submit papers and that we spent significant time doing our own legal research to make certain that the legal merits of his claim were being evaluated fairly.

In any event, at this stage of the proceedings (where the underlying claim has already been resolved) there just is no basis to request that counsel represent Mr. Colt-Sarmiento with respect to the claim. For that reason, I will deny Mr. Colt-Sarmiento's request.

Dated: New York, New York
January 19, 2024

**s/Michael E. Wiles**
Hon. Michael E. Wiles
United States Bankruptcy Judge